UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA


STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY and STATE
FARM FIRE AND CASUALTY
COMPANY,

        Plaintiffs,

                      v.

                             Case No. 6:19-cv-01837-CEM-LRH

ADVANTACARE OF FLORIDA, LLC,
CRN RECEIVABLE MANAGEMENT
LLC,
ADVANTACARE MULTI-SPECIALTY
GROUP, LLC,
KERRIANN FITZPATRICK, f/k/a
KERRIANN HERZOG,
JOHN MANCUSO,
KENNETH HOWE, and
FRANK SEVERIANO ALVAREZ JR.,
M.D.,

        Defendants.
_____/


**<u>DEFENDANTS KERRIANN FITZPATRICK, F/K/A KERRIANN HERZOG, JOHN MANCUSO, AND KENNETH HOWE'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) AND MOTION TO STRIKE INCOMPLETE DEPOSITION TESTIMONY OF MR. MANCUSO AND INCORPORATED MEMORANDUM OF LAW</u>**

## TABLE OF CONTENTS

**TABLE OF AUTHORITIES**………………………………………………………....3

**PRELIMINARY STATEMENT**………………………………………………..………5

**ARGUMENT**………………………………………………………………………..……5

**I.** **BACKGROUND**………………………………………………………..……5

**II.** **LEGAL BACKGROUND** …………………………………………………...7

**III.** **THE FIRST CLAIM FOR RELIEF FOR VIOLATION FO FDUTPA IS INSUFFICIENTLY PLEAD AGAINST  MS. FITZPATRICK, MR. MANCUSO, AND MR. HOWE……..**…………………………………………………………8

   a. The Complaint Fails to Meet the Rule 9(b) Pleading Standard.……………………9

   b. The Complaint Fails to Make Sufficient Allegations of Ownership Regarding Defendants Mancuso, Howe, and Fitzpatrick. ……………………………………10

**IV.** **THE COMPLAINT FAILS TO SUFFICIENTLY PLEAD UNJUST ENRICHMENT CLAIM** ………………………………………………………………………17

**V.** **STATE FARM FAILED TO PROPERY PLEAD ITS SECOND FDUTPA CLAIM.** ………………………………………………………………………………18

**VI.** **THE COMAPLINT FAILS TO PROPERLY PLEAD THE SECOND UNJUST ENRICHMENT CLAIM**………………………………………………………19

**VII.** **INCOMPLETE DEPISITION TESTOMONY SHOULD BE STRICKEN.**..............21

**VIII.** **CONCLUSION**…………………………………………………………………22

# **TABLE OF AUTHORITIES**

## **Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)… …………………………….…………………………….7

*Augustus v. Board of Public Instruction*, 306 F.2d 862 (5th Cir. 1962)………………………..21

*Altimas v. Whitney*, Case No: 2:09-cv-682-FtM-36SPC,
2010 U.S. Dist. LEXIS 149635 (M.D. Fla. 2010)…………………………….…………………8, 9

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)……………………………………………7, 18

*Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir.1981)……………………………………..21

*Bookworld Trade, Inc. v. Daughters of St. Paul, Inc.*,
532 F. Supp. 2d 1350 (M.D. Fla. 2007)……………………………………………………………..8

*Catron v. City of St. Petersburg*, 658 F.3d 1260 (11th Cir. 2011)………………………….…7

*Crenshaw v. Lister*, 556 F.3d 1283 (11th Cir. 2009)……………………………………10, 13, 21

*Davila v. Delta Air Lines*, Inc., 326 F.3d 1183 (11th Cir. 2003) …………………….……8, 13

*Graveling v. Castle Mortg. Co.*, 631 F. App'x 690 (11th Cir. 2015). …………………….……8, 9

*Gasparini v. Pordomingo*, 972 So. 2d 1053 (Fla. 3rd DCA 2008). …………….………..19, 20

*Goldberg v. Nat'l Union Fire Ins. Co.*, 143 F. Supp. 3d 1283 (M.D. Fla 2015). ……………….10

*Harvey v. Fla. Health Scis. Ctr., Inc.*, 728 F. App'x 937 (11th Cir. 2018)(unpub.)………....17, 19

*Hogan v. Provident Life & Acc. Ins. Co.*, 665 F. Supp. 2d 1273 (M.D. Fla. 2009)……………….7

*Houri v. Boaziz*, 196 So. 3d 383 (Fla. 3d DCA 2016)………………………………….………19, 20

*Jacobs  v.  Tempur-Pedic  Int'l,  Inc.*, 626 F.3d 1327 (11th Cir. 2010)………………….....7, 19

*James River  Ins.  Co.  v.  Ground Down  Eng'g,  Inc.*, 540 F.3d 1270 (11th Cir. 2008)…………7

*Johnson v. Catamaran Health Sols., LLC*, 687 F. App'x 825 (11th Cir. 2017)…………….17, 19

*Kahama VII, LLC v. Space Coast Builders & Contrs., Inc.*, NO. 6:12-cv-454-Orl-19DAB,
2013 U.S. Dist. LEXIS 203237 (M.D. Fla. 2013). …………………………………………………10

*Kopel v. Kopel*, 117 So.3d 1147 (Fla. 3d DCA 2013). …………………………….……………17

*Kopel v. Kopel*, 229 So. 3d 812 (Fla. 2017). …………………………….……………………17

*Millennium Commc'ns & Fulfillment, Inc. v. Office of the Att'y Gen.*,
 761 So.2d 1256 (Fla. 1st DCA 2000) …………………….…………………………………….9

*Morris v. Bischoff*, 1997 U.S. Dist. LEXIS 3176(M.D. Fla. 1997) …………...………………...20

*PNR, Inc. v. Beacon Prop. Mgmt., Inc.*, 842 So. 2d 773 (Fla. 2003) ……….……...………....8

*Poston v. American President Lines, Ltd.*, 452 F. Supp. 568 (S.D. Fla. 1978) …….……….20

*Rollins, Inc. v. Butland*, 951 So. 2d 860 (Fla. 2d DCA 2006) ……………………….……8

*State Farm Mut. Auto. Ins. Co. v. Family Practice & Rehab, Inc.*, Case No: 6:18-cv-223-Orl-
 28LRH, 2019 U.S. Dist. LEXIS 159122 (M.D. Fla. 2019) ………….……………….……11, 14

*State Farm Fire & Cas. Co. v. Silver Star Health & Rehab*,
 739 F.3d 579 (11th Cir. 2013) …………………………………….……………11, 12, 14

*U.S. Oil Co. v. Koch Refining Co.*, 518 F. Supp. 957 (E.D. Wis. 1981)………….…………20

*Wailua Assoc. v. Aetna Cas. & Sur. Co.*, 183 F.R.D. 550-553 (D.Haw. 1998)……………....21

*W. Coast Roofing & Waterproofing, Inc. v. Johns Manville, Inc.*,
 287 F. App'x 81 (11th Cir. 2008)……………………….………….……………8, 10

*Zlotnick v. Premier Sales Grp., Inc.*, 480 F.3d 1281, 1284 (11th Cir. 2007)……………8, 9

**Statutes and Rules**

Fed. R. Civ. P. 12(b)(6)…….…………….…………….…………….……7, 10, 16, 21

Fed. R. Civ. P. 9(b)…………………………….……………….……5, 8, 9, 10, 16, 21

Fed. R. Civ. P. 12(f)…………………………….…………….……………20

Fla. R. Civ. P. 1.310(e)……………………….………….…………………21

Fla. Stat.§§ 501.201-501.213…………………………….………………6, 7

Fla. Stat.§ 605.0304…………………………….………………………18, 20

28 U.S.C. § 2201……………………………………….………………….6, 7

**PRELIMINARY STATEMENT**

Defendants Kerriann Fitzpatrick, f/k/a Kerriann Herzog, John Mancuso, and Kenneth Howe by and through undersigned counsel, pursuant to Rules 9(b) and 12(b)(6), Federal Rules of Civil Procedure, hereby jointly move to dismiss all Counts of Plaintiffs STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and STATE FARM FIRE AND CASUALTY COMPANY's Complaint, Docket No. 1, and in support state:

**ARGUMENT**

**I.     BACKGROUND**

In 2012, Defendant Dr. Frank Severiano Alvarez Jr, (hereinafter "Dr. Alvarez"), a neurologist, acquired the ownership of Advantacare of Florida, LLC from Dr. Barry Smith and Dr. Chris Recksiedler. Advantacare of Florida was a group of health care clinic serving patients in the northern and central Florida area. Ms. Fitzpatrick, Mr. Mancuso, and Mr. Howe were all employed by Advantacare of Florida, in administrative positions. They worked in these positions for years before Dr. Alvarez decided to retire from medical practice.

In 2016, Dr. Alvarez desired to retire from medical practice and sold his interests in Advantacare of Florida, to Advantacare Multi-Specialty Group, LLC (hereinafter Advantacare MSG). Advantacare MSG an entity duly licensed by the Administration for Health Care Administration, ("AHCA") is owned by Dr. Alavarez's former employees Ms. Fitzpatrick, Mr. Mancuso, and Mr. Howe. Advantacare MSG operates the five Advantacare MSG locations involved in this lawsuit where Dr. Alvarez serves as a Medical Director.

On or about September 24, 2019, Plaintiffs filed a Complaint against Advantacare of Florida LLC; CRN Receivable Management LLC; Advantacare MSG; Kerriann Herzog f/k/a Kerriann Fitzpatrick; John Mancuso, Kenneth Howe, and Dr. Frank Severiano Alvarez Jr. Plaintiffs' claims against Ms. Fitzpatrick, Mr. Mancuso, and Mr. Howe break down into two discrete periods of history: the Advantacare of Florida era, and the Advantacare MSG era. During the Advantacare of Florida period, Plaintiffs allege that Defendants Dr. Alvarez, Fitzpatrick, Mancuso, and Howe, violated the Florida Deceptive and Unfair Trade Practices Act (hereinafter "FDUTPA") by allegedly misrepresenting to the Agency of Health Care Administration that Advantacare of Florida was wholly owned by licensed health care practitioners (Dr. Madlener and Dr. Alvarez).  Plaintiff alleges that there was a "secret arrangement" without any details or specifics, among the individual defendants to hold Dr. Alvarez out as wholly owning Advantacare of Florida to avoid licensure requirements. The same requirements that they voluntarily complied with to obtain Advantacare MSG's licensure with AHCA. The Complaint seeks the invalidation of all of the allegedly unlawful outstanding bills for medical treatment provided to State Farm insureds by Advantacare of Florida and damages from Advantacare of Florida, LLC, CRN Receivable Management, and individuals Ms. Fitzpatrick, Mr. Mancuso, Mr. Howe and Dr. Alvarez. The Complaint includes claims for violation of Florida's Deceptive and Unfair Trade Practices Act, Florida Statutes Sections 501.201-501.213, Unjust Enrichment, and Declaratory Relief under 28 U.S.C. § 2201.

The second portion of State Farm's complaint alleges that from the time Advantacare MSG succeeded Advantacare of Florida, Advantacare MSG violated Florida's Deceptive and Unfair Trade Practices Act by operating unlawfully, despite licensure from AHCA, because Advantacare MSG allegedly provided false information to ACHA to obtain licensure and

otherwise represented that Dr. Alvarez was fulfilling his duties.  State Farm seeks invalidation of all of the allegedly unlawful outstanding bills for medical treatment provided to State Farm insureds by Advantacare MSG and damages from Advantacare MSG, LLC, and individuals Fitzpatrick, Mancuso, Howe and Dr. Alvarez. State Farm has included in its Complaint claims for violation of Florida's Deceptive and Unfair Trade Practices Act, Florida Statutes Sections 501.201-501.213, Unjust Enrichment, and Declaratory Relief under 28 U.S.C. § 2201.

## II.      LEGAL BACKGROUND

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain enough factual allegations "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To avoid dismissal, "'the complaint's allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a "speculative level"; if they do not, the plaintiff's complaint should be dismissed.'" *James River Ins. Co. v. Ground Down Eng'g, Inc.*, 540 F.3d 1270, 1274 (11th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). If the facts are "merely consistent with" a defendant's liability, the complaint "stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted). Plausibility "requires pleading 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Catron v. City of St. Petersburg*, 658 F.3d 1260, 1264–65 (11th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The complaint "must plausibly establish each element of the cause of action" alleged. *Hogan v. Provident Life & Acc. Ins. Co.*, 665 F. Supp. 2d 1273, 1286 (M.D. Fla. 2009). If a plaintiff has "not nudged [his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Twombly*, 550 U.S. at 570. "'Threadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice.'" *Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1333 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678). Moreover, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines*, Inc., 326 F.3d 1183, 1185 (11th Cir. 2003).

Under Rule 9(b), claims of fraud are subject to a heightened pleading standard. Fed. R. Civ. P. 9(b). Claims brought under Florida's Deceptive and Unfair Trade Practices Act (hereinafter "FDUTPA") that sound in fraud also must meet the heightened pleading standard. *Altimas v. Whitney*, Case No: 2:09-cv-682-FtM-36SPC, 2010 U.S. Dist. LEXIS 149635, *8 (M.D. Fla. 2010). A plaintiff must allege (a) the precise statements, documents, or misrepresentations made; (b) the time, place, and person responsible for the statement; (c) the content and manner in which these statements misled the plaintiffs; and (d) what the defendants gained by the alleged fraud. *Graveling v. Castle Mortg. Co.*, 631 F. App'x 690, 694 (11th Cir. 2015). "[T]he Rule's "particularity" requirement is not satisfied by "conclusory allegations that certain statements were fraudulent; it requires that a complaint plead facts giving rise to an inference of fraud." *W. Coast Roofing & Waterproofing, Inc. v. Johns Manville, Inc*., 287 Fed. App'x. 81, 86 (11th Cir. 2008).

### III.     THE FIRST CLAIM FOR RELIEF FOR VIOLATION FO FDUTPA IS INSUFFICIENTLY PLEAD AGAINST  MS. FITZPATRICK, MR. MANCUSO, AND MR. HOWE

The Complaint fails to plead sufficient factual allegations against Ms. Fitzpatrick, Mr. Mancuso, and Mr. Howe in the First Claim for Violation of FDUTPA. To state a claim for violations of FDUTPA, a plaintiff must establish (i) a deceptive act or unfair practice; (ii) causation; and (iii) actual damages. *Bookworld Trade, Inc. v. Daughters of St. Paul, Inc.*, 532 F. Supp. 2d 1350, 1364 (M.D. Fla. 2007) (citing *Rollins, Inc. v. Butland*, 951 So. 2d 860, 869 (Fla.

2d DCA 2006). "[D]eception occurs if there is a representation, omission, or practice that is likely to mislead the consumer acting reasonably in the circumstances, to the consumer's detriment." *Zlotnick v. Premier Sales Grp., Inc.*, 480 F.3d 1281, 1284 (11th Cir. 2007) (quoting *PNR, Inc. v. Beacon Prop. Mgmt., Inc.*, 842 So. 2d 773, 777 (Fla. 2003)). "This standard requires a showing of 'probable, not possible, deception' that is 'likely to cause injury to a reasonable relying consumer.'" *Zlotnick*, 480 F.3d at 1284 (quoting *Millennium Commc'ns & Fulfillment, Inc. v. Office of the Att'y Gen.*, 761 So.2d 1256, 1263 (Fla. 1st DCA 2000)).

The Complaint fails to meet the Rule 9(b) pleading standard for FDUTPA claims that sound in fraud. The sparse factual allegations related to the role of Ms. Fitzpatrick, Mr. Mancuso, and Mr. Howe are insufficient to support a claim that any one of them had an ownership interest in Advantacare.

a.   The Complaint Fails to Meet the Rule 9(b) Pleading Standard.

The Complaint contains conclusory allegation that Ms. Fitzpatrick, Mr. Howe, Mr. Mancuso, and Dr. Alvarez to hold Dr. Alvarez out as wholly owning Advantacare of Florida. Complaint ¶ 88-89. As previously stated, when FDUTPA claims sound in fraud, they are subject to the Rule 9(b) heightened pleading standard.   *Altimas v. Whitney*, Case No: 2:09-cv-682-FtM-36SPC, 2010 U.S. Dist. LEXIS 149635, *8. A plaintiff must allege (a) the precise statements, documents, or misrepresentations made; (b) the time, place, and person responsible for the statement; (c) the content and manner in which these statements misled the plaintiffs; and (d) what the defendants gained by the alleged fraud. *Graveling v. Castle Mortg. Co.*, 631 F. App'x at 694.

The Complaint does not contain factual allegations that meet the Rule 9(b) standard with respect to Ms. Fitzpatrick, Mr. Mancuso, and Mr. Howe specifying how they violated FDUTPA

either on behalf of themselves or Advantacare of Florida. The Complaint contains no factual allegations of any precise "statements, documents, or misrepresentations" made, no allegations regarding any "time" or "place,"  no allegation that either Howe or Mancuso made any representations regarding the ownership of Advantacare of Florida, and no factual allegations that anyone relied on any representations made by Howe or Mancuso.

Additionally, while the Complaint contains one single conclusory allegation related to Ms. Fitzpatrick, the exhibits and alleged testimony included in the Complaint directly contradict those conclusory allegations. In particular, Exhibit 4, which is an email (sent from Ms. Fitzpatrick using her Advantacare of Florida email address, as shown in the exhibit), in her capacity as an administrative employee of Advantacare of Florida to the Agency of Health Care Administration ("AHCA") stating that Advantacare of Florida was wholly owned by two licensed medical doctors. Her statement is supported by both the testimony of Dr. Madlener, (Exhibit A at ).[1]

"The 'particularity' requirement serves an important purpose in fraud actions by alerting defendants to the precise misconduct with which they are charged and protecting defendants against spurious charges of immoral and fraudulent behavior." *W. Coast Roofing & Waterproofing, Inc. v. Johns Manville, Inc.*, 287 F. App'x 81, 86 (11th Cir. 2008). The Complaint fails to give Ms. Fitzpatrick, Mr. Mancuso, or Mr. Howe notice of any precise conduct or action that they allegedly took to be a part of this alleged scheme.

---

[1] Despite State Farms failure to include the remaining portions of the transcript, they may still be considered on a Motion to Dismiss. "[U]nder the incorporation by reference doctrine, the Court may consider extrinsic documents if those documents are central to the plaintiff's claim and their authenticity is not disputed. . . .If the exhibits incorporated by reference contradict the general and conclusory allegations of the pleading, the exhibits govern." *Goldberg v. Nat'l Union Fire Ins. Co.*, 143 F. Supp. 3d 1283, 1291 (M.D. Fla 2015)(citing *Crenshaw v. Lister*, 556 F.3d 1283 (11th Cir. 2009)"; *see also Kahama VII, LLC v. Space Coast Builders & Contrs., Inc*., NO. 6:12-cv-454-Orl-19DAB, 2013 U.S. Dist. LEXIS 203237, *44 n. 7 (M.D. Fla. 2013).

The First Claim for Relief against Ms. Fitzpatrick, Mr. Howe and Mr. Mancuso falls short of the Rule 9(b) and Rule 12(b)(6) standard, and therefore, Defendants respectfully request that this Court dismiss the first unjust enrichment claim.

b. <u>The Complaint Fails to Make Sufficient Allegations of Ownership Regarding Defendants Mancuso, Howe, and Fitzpatrick.</u>

The ownership of Advantacare of Florida is the cornerstone of the first three claims of the Complaint against Ms. Fitzpatrick, Mr. Mancuso, and Mr. Howe. All three claims are predicated on, and necessarily require the claim that licensed health care professionals did not "wholly own" Advantacare of Florida and instead Ms. Fitzpatrick, Mr. Mancuso, and Mr. Howe were co-owners. However, the Complaint fails to make sufficient factual allegations to support this claim, and the conclusory allegations it does make are contradicted by the Complaint's own exhibits.

"Entity wholly owned" for the purposes of Chapter 627, Florida Statutes, means "means a proprietorship, group practice, partnership, or corporation that provides health care services rendered by licensed health care practitioners and in which licensed health care practitioners are the business owners of all aspects of the business entity, including, but not limited to, [1] being reflected as the business owners on the title or lease of the physical facility, filing taxes as the business owners, [2] being account holders on the entity's bank account, [3] being listed as the principals on all incorporation documents required by this state, and [4] having ultimate authority over all personnel and compensation decisions relating to the entity." Fla. Sta. § 627.732(17); *see also State Farm Mut. Auto. Ins. Co. v. Family Practice & Rehab, Inc*., Case No: 6:18-cv-223-Orl-28LRH, 2019 U.S. Dist. LEXIS 159122, *5-9 (M.D. Fla. 2019).

The Complaint contains no allegations with respect to any of the factors listed in Section 627.732(17), Florida Statutes. Complaint ¶ 15. The Complaint concedes that Dr. Alvarez delegated certain tasks to his employees, Ms. Fitzpatrick, Mr. Mancuso, and Mr. Howe.

Complaint ¶ 52. ("Dr. Alvarez  hired people . . ."). But the Complaint contains no allegations that Dr. Alvarez did not maintain ultimate decision-making authority on any business decision.  *See Id.* ¶¶ 49-52. *See State Farm Fire & Cas. Co. v. Silver Star Health & Rehab*, 739 F.3d 579, 585, (11th Cir. 2013)(upholding jury instruction related to the determination of "wholly owned" partially on the basis that the jury was instructed that "[A]n owner may delegate responsibilities to another, yet still not cede actual 'ownership.' If a person has the right to possess and control a business, he or she may still be the 'owner' of it, regardless of the extent to which that person is involved in its affairs").  Further, common sense dictates that the allegation that Ms. Fitzpatrick, Mr. Mancuso, and Mr. Howe fulfilled their obligations as employees of Dr. Alvarez cannot rise to the level of ownership. The actions of employees within the scope of their employment do not support the inference that those employees are owners of the business that employs them.

Other factors commonly tied to ownership include: (1) Ownership of the stock of a corporation and the exercise of corporate powers; (2) The extent of any capital investment in the business; (3) The right to profit from the business and the risk of loss; (4) The power to sell the business or cause it to cease operations; (5) The extent to which an individual participates in the management and control of the business operations. *Silver Star Health & Rehab*, 739 F.3d at 585. The Complaint's remaining allegations attempt to satisfy these factors but are also insufficient. The allegations can be boiled down to a slight of hand by attempting to remove crucial context.

The Complaint feebly attempts to make allegations that satisfy the "[o]wnership of the stock of a corporation and the exercise of corporate powers" factor, despite the affidavit to the 100% ownership of Advantacare of Florida by Advantacare Holdings (and thereby Dr. Alvarez). Complaint Exhibit 5. First, in support of the claim that Advantacare of Florida was in part owned

by Mr. Mancuso and Ms. Fitzpatrick, the Complaint references an alleged transcript of an incomplete deposition of Mr. Mancuso that was never reviewed or signed by Mr. Mancuso. The Complaint alleges that Mancuso testified that he and "Carrie Herzog" (Kerri Fitzpatrick) were owners of Advantacare Holdings, LLC. Mr. Mancuso has since filed an Errata sheet which states neither he nor Ms. Fitzpatrick were ever an owner of Advantacare Holdings, LLC. Because the allegation in the Complaint is based on an unsigned, uncorrected transcript that has since been corrected and in reality, directly contradicts the conclusory allegation contained in the Complaint, the Court must assume the facts presented in the transcript, which has been incorporated by reference. *Crenshaw v. Lister*, 556 F.3d 1283, 1292 (11th Cir. 2009) ("[w]hen the exhibits incorporated by reference contradict the general and conclusory allegations of the pleading, the exhibits govern")(internal quotations removed).

The Complaint attempts to obfuscate its lack of factual allegations by citing statements of prior employees (without providing transcripts of the employees' actual statements).  *See* Complaint ¶ 42. Plaintiffs have not attached any affidavits or transcripts of these depositions. Regardless, such statements of employees are "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts. . .." *Davila v. Delta Air Lines, Inc.*, 326 F.3d at 1185. The Complaint alleges no facts as a basis for personal knowledge in connection with the statement of these employees.

The Complaint's own exhibits demonstrate that Dr. Alvarez wholly owned Advantacare Holdings LLC. Exhibit 2 and Exhibit 4, and Exhibit 5 all support and corroborate Dr. Alvarez's ownership of Advantacare of Florida. Whether Dr. Alvarez made or did not make any capital investments when Advantacare Holdings purchased the membership interests in Advantacare Florida is inapposite. Complaint ¶ 43. As the Complaint concedes, Advantacare Holdings,

provided consideration for the purchase by executing promissory notes. *Id.* If anything, this allegation sheds light on the reality that Advantacare Holdings, and thereby Dr. Alvarez, wholly owned Advantacare of Florida. The promissory notes account for the entire purchase price under the agreement, eliminating the plausibility that an ownership interest outside of Advantacare Holdings LLC existed. Most importantly, the Complaint at no point alleges that Defendants Fitzpatrick, Mancuso, or Howe contributed capital. *See State Farm Mut. Auto. Ins. Co. v. Family Practice & Rehab, Inc.*, Case No: 6:18-cv-223-Orl-28LRH, 2019 U.S. Dist. LEXIS 159122, *7 (M.D. Fla. 2019) (noting that some courts have considered "whether a non-physician made capital investments in the entity . . .")(citing *Silver Star Health & Rehab*, 739 F.3d at 585.

Further contradicting the Complaint's allegations, the alleged deposition testimony of Dr. Madlener's from October 11, 2017, shows that Dr. Madlener was an owner along with Dr. Alvarez.  One portion of this unattached deposition transcript is preproduced in the Complaint as:

> Q. Do you still maintain that ownership interest?
> A. No, sir.
> Q. When did you relinquish that?
> A. Not long thereafter. Maybe a year or so later.
> Q. So approximately 2013 sometime?
> A. Yes.
> Q. And why did you relinquish ownership interest?
> A. Because they -- we had just been -- **we had just taken kind of over the business, myself and <u>mostly</u> a neurologist.**  And we were having some money issues. And **-- and <u>they</u> wanted me to basically not pay myself**, and I wasn't in a position to do that at that time.  So I said: Okay, listen, I'll just -- you know, **I'll work for you and, you know, I'll give you my ownership rights**. I need -- I need to be paid somehow to pay my bills.·
> So, you know, that's basically what happened.
> · · ·
> A. I wasn't in the position at that point to not have some sort of income for an unknown length of time, really.

Complaint ¶ 46 (emphasis in Complaint, not in original).

State Farm's artistic rendition of portions of Dr. Madlener's deposition are taken out of context and are highly speculative, bordering on nonsensical. Despite the effort, underlining "mostly" and "they" does not change the meaning of a sentence. To accept the Complaint's contention that Dr. Madlener indicated there were other owners requires mental gymnastics and willful ignorance of the common-sense interpretation.  Dr. Madlener was defining "we" (as himself and a neurologist). The obvious meaning of "mostly" in this context is qualifying that the neurologist (Dr. Alvarez) was the dominant actor. The Complaint would have the Court read words into the alleged testimony that simply are not there.

The Complaint fails to include statements made by Dr. Madlener in the same deposition, that contradict the allegations in the Complaint. Dr. Madlener clearly indicated that the Advantacare facilities were acquired by Dr. Alvarez:

> Q. And which facility did you work for Advantacare?
>  A. I was at most of them. When I first started there, they had an office on the west side.
> Q. When you say the west side, you mean the west side of Orlando?
> A. Yeah, the west side of Orlando.  I can't -- Good Homes Road, I think, was the address. There's one on Red Bug Lake Road initially. I don't know if they still have that one.  I worked there as well.
> 　　And then there's one in Altamonte Springs. I was at that office a few times. **And then they were acquired by Dr. Alvarez, a neurologist, in the Daytona office.**  I went there. I know I'm missing one.

> October 11, 2017 Dr. Madlener Dep.  9-10.

Further into the deposition, Dr. Madlener was even more explicit regarding the owners of Advantacare of Florida during his ownership, which is also supported by Exhibit 5 of the Complaint:

> Q. When you were there with, Advantacare and you had the ownership interest, you said you had a partner with you?
> A. Yes.
> Q. Is that right? And who was that?

A. Dr. Alvarez.
Q. Was it him who established pricing and these types of things for the facility?
A. I don't know, honestly. I think we just carried it over from what it was prior to us owning it.
Q. Okay. So you bought it from somebody?
A.  Yes, sir.
Q. Who did you buy it from?
A. Dr. Recksiedler and Dr. Smith.

October 11, 2017 Dr. Madlener Dep. 16-17.

The allegations in the Complaint are directly contradicted by the Exhibit they cite, which has been incorporated by reference.

Shameless speculation about why Dr. Madlener may have relinquished ownership rights in no way undermines the ownership of Dr. Alvarez. Even taken as true, the allegation that Dr. Madlener was not a true owner is not an allegation that someone other than a licensed health care practitioner was an owner.

Finally, the Complaint fails to allege any facts involving Ms. Fitzpatrick, Mr. Mancuso, or Mr. Howe in support of this conclusion. The question of the "right to profit and risk of loss" is a factor that may be considered in determining whether a clinic is "wholly owned." But the assertion that there may be a third-party contracting with Advantacare of Florida in no way alleges that the third party has a "right to profit and a risk of loss," nor does the Complaint include any such allegations. CRN Receivables Management LLC is a factoring company that purchases receivables from businesses, as is indicated by the name "CRN Receivables Management." The Complaint makes no allegations that this type of business transaction is in any way inappropriate or illegal, nor could it.

The Complaint fails to make any factual allegations supporting the alleged ownership by Ms. Fitzpatrick, Mr. Mancuso, and Mr. Howe's of Advantacare of Florida. *See* Complaint ¶ 31-32.

The Complaint fails to plead sufficient factual allegations under Rules 12(b) and Rule 9(b) of the Federal Rules of Civil Procedure.

## IV.    THE COMPLAINT FAILS TO SUFFICIENTLY PLEAD UNJUST ENRICHMENT CLAIM

The Complaint cannot state a claim for unjust enrichment against Ms. Fitzpatrick, Mr. Mancuso, and Mr. Howe, because State Farm conferred no benefit upon any of them individually, nor does the Complaint include any such allegations. To sufficiently state a claim for unjust enrichment, the complaint must allege that "(1) a benefit was conferred on the defendant by the plaintiff; (2) that defendant voluntarily accepted and retained the benefit; and (3) that it would be inequitable for defendant to retain the benefit." *See Johnson v. Catamaran Health Sols., LLC*, 687 F. App'x 825, 830 (11th Cir. 2017). "As to the first element, the plaintiff must show it 'directly conferred' a benefit on the defendant." *Harvey v. Fla. Health Scis. Ctr., Inc.*, 728 F. App'x 937, 946 (11th Cir. 2018)(unpub.); *see also Kopel v. Kopel*, 229 So. 3d 812, 818, (Fla. 2017) ("The Third District is correct that to prevail on an unjust enrichment claim, the plaintiff must directly confer a benefit to the defendant")(quashing *Kopel v. Kopel*, 117 So.3d 1147 (Fla. 3d DCA 2013) on other grounds).

The Complaint contains no factual allegations of any direct relationship or interaction between State Farm and Ms. Fitzpatrick, Mr. Howe or Mr. Mancuso. In the Second Claim for Relief, the Complaint includes threadbare, conclusory allegations to this effect, but the Complaint fails to make any factual allegations supporting this claim. The Complaint includes no factual allegations that Ms. Fitzpatrick, Mr. Howe, or Mr. Mancuso ever presented claims to State Farm, billed State Farm, or interacted directly with State Farm in any way. The affidavit of Kerri Fitzgerald attached to the Complaint as Exhibit 5 indicates that Advantacare of Florida

typically has 90-100 employees all of whom would likewise have benefited from the payment and based upon the Complaint's logic, be subject to claims for unjust enrichment.

The failure to sufficiently plead the first and second elements of unjust enrichment regarding Ms. Fitzpatrick, Mr. Howe, and Mr. Mancuso extinguishes the possibility of pleading the third element. Ms. Fitzpatrick, Mr. Howe and Mr. Mancuso cannot retain a benefit that was never conferred or accepted. Neither would the retention of a never conferred benefit be inequitable. Because the Complaint fails to plead sufficient factual allegations under *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, Defendants respectfully request that Plaintiffs Second Claim for Relief for Unjust Enrichment against Defendants Howe and Mancuso be dismissed.

## V.  THE COMPLAINT FAILS TO STATE THE SECOND FDUTPA CLAIM.

The Complaint contains no factual allegations sufficient against  Ms. Fitzpatrick, Mr. Mancuso, or Mr. Howe to sufficiently state the Fourth Claim for Relief for violation of FDUTPA (Count IV) related to Advantacare MSG. The Complaint properly alleges that Advantacare MSG is an limited liability corporation in Florida. [Complaint ¶ 9]. Under Section 605.0304, Florida Statutes, "a debt, obligation, or other liability of a limited liability company is solely the debt, obligation or other liability of the company. A member is not personally liable, directly or indirectly, by way of contribution or otherwise, for a debt, obligation, or other liability of the company solely by reason of being or acting as a member or manager."

The Complaint makes no factual allegations regarding a false representation or unfair practice by Ms. Fitzpatrick, Mr. Mancuso or Mr. Howe. The factual allegation regarding a misrepresentation to AHCA was alleged to have been made by Advantacare MSG in its licensure application. The Complaint contains no allegations that any Ms. Fitzpatrick, Mr. Mancuso, or Mr. Howe ever submitted any claims to State Farm or interacted with State Farm in any way. In

18

fact, there is not a single factual allegation related to any of the individual defendants in the entire section of the complaint devoted to Advantacare MSG. Complaint ¶ 65-86. For this reason, the Complaint fails to sufficiently state its Fourth Claim for Relief for Violation of FDUTPA against Ms. Fitzpatrick, Mr. Mancuso, and Mr. Howe.

"The law is clear that the mere ownership of a corporation by a few shareholders, or even one shareholder, is an insufficient reason to pierce the corporate veil. '[E]ven if a corporation is merely an alter ego of its dominant shareholder or shareholders, the corporate veil cannot be pierced so long as the corporation's separate identity was lawfully maintained.'" *See Houri v. Boaziz*, 196 So. 3d 383, 390 (Fla. 3d DCA 2016) (alteration in original) (quoting *Gasparini v. Pordomingo*, 972 So. 2d 1053, 1055 (Fla. 3rd DCA 2008)). Plaintiff fails to make a single allegation regarding such that liability should be imposed on individual Defendants. For that reason alone, State Farm's FDUTPA claim against individual Defendants Fitzpatrick, Mancuso, and Howe should be dismissed.

For the reasons stated above, Defendants Mancuso and Howe respectfully request that Plaintiffs Fourth Claim for Relief for violation of FDUTPA be dismissed.

## VI.    THE COMPLAINT FAILS TO PROPERLY PLEAD ITS SECOND UNJUST ENRICHMENT CLAIM

The Complaint has failed to properly state a claim for unjust enrichment against Defendant's Mancuso and Howe regarding State Farm's Fifth Claim for Relief in two ways. First, State Farm has failed to make any factual allegation that it directly conferred a benefit on Ms. Fitzpatrick, Mr. Mancuso or Mr. Howe as required by Florida law. Unjust enrichment requires the benefit be direct to the litigant. *Harvey v. Fla. Health Scis. Ctr., Inc.*, 728 F. App'x at 946; *see also Johnson v. Catamaran Health Sols., LLC*, 687 F. App'x at 830.  Additionally, the Complaint contains no

allegations that the corporate veil should be pierced such that members of the Advantacare MSG may be held personally liable, as explained in Section III above.

The allegations in State Farm's Fifth Claim for Relief are the epitome of "thread-bare recitals of the elements" of unjust enrichment. *Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d at 1333. The Complaint marches through the elements, with no factual allegations such that dismissal may be prevented. Complaint ¶ 122-125. As to the first element, the complaint is devoid of any factual allegation that State Farm conferred any direct benefit upon Ms. Fitzpatrick, Mr. Mancuso, or Mr. Howe. Neither does it contain a single factual allegation as to the second element, that any of the individual defendants accepted any benefit from State Farm. As such, the Complaint failed to state a cause of action for unjust enrichment in its Fifth Claim for relief.

Finally, "the corporate veil cannot be pierced so long as the corporation's separate identity was lawfully maintained." *See Houri v. Boaziz*, 196 So. 3d at 390 (alteration in original) (quoting *Gasparini*, 972 So. 2d at 1055)). The Complaint is entirely devoid of any allegations, factual or otherwise, such that the individuals Ms. Fitzpatrick, Mr. Mancuso, or Mr. Howe may be held liable for an unjust enrichment claim Advantacare MSG, solely based on their status as members. Fla. Stat. § 605.0304 (2019).

## VII.   INCOMPLETE DEPISITION TESTOMONY SHOULD BE STRICKEN.

Federal Rule of Civil Procedure 12(f) provides that upon motion by a party or upon the Court's initiative at any time, the Court may order stricken from any pleading any "redundant, immaterial, impertinent, or scandalous matter." When allegations have no possible relation to the controversy and may cause prejudice to one of the parties they may be stricken. *See Poston v. American President Lines, Ltd.*, 452 F. Supp. 568, 570 (S.D. Fla. 1978) (citing *Augustus v.*

*Board of Public Instruction*, 306 F.2d 862 (5th Cir. 1962)).[2] "When the exhibits incorporated by reference contradict the general and conclusory allegations of the pleading, the exhibits govern." *Crenshaw v. Lister*, 556 F.3d 1283 (11th Cir. 2009) (internal quotations removed).

As explained in depth in Section III(B) of this motion, State Farm alleges that Mr. Mancuso made statements that he, along with Ms. Fitzpatrick, were owners of Advantacare Holdings, and therefore Advantacare of Florida. In support of the claim that Advantacare of Florida was in part owned by Ms. Fitzpatrick, Mr. Mancuso, and Mr. Howe, the Complaint refers to a transcript of an incomplete deposition of Mancuso from July 31, 2018, that was never reviewed or signed by Mr. Mancuso. *See* Complaint ¶ 44. The deposition remains never closed and incomplete. On November 18, 2019, Mancuso filed an errata sheet, correcting his testimony under Florida Rules of Civil Procedure, Rule 1.310(e). The allegation that Mancuso believed he and Fitzpatrick were owners is scandalous and prejudicial because it is patently incorrect and now has been corrected on the record.

Mr. Mancuso has since filed an Errata sheet, which states that Mancuso and Fitzpatrick were never owners or members of Advantacare Holdings LLC.

It is well established that if the pleader will not be permitted to offer evidence at trial in support of the allegation, the allegation is likely impertinent. *See Wailua Assoc. v. Aetna Cas. & Sur. Co.*, 183 F.R.D. 550-553 (D.Haw. 1998) (citing 2A Moore's Federal Practice, P12.21 [1]). As such, the Defendants are being unjustly prejudiced by same. State Farm's allegation that Mr. Mancuso stated that he and Ms. Fitzpatrick were owners of Advantacare Holdings is based entirely on the unsigned, uncorrected transcript excerpt. *See* Complaint ¶ 41.  This excerpt from a non-completed, never closed deposition and drawn from a non-verified rough draft of the

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the 11th Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

transcript prior to review and signature by the deponent is entirely impermissible in and of itself, and particularly given that an Errata sheet has been filed and is thereby incorporated as part of the transcript and serves to correct same.

Tellingly, State Farm chose not to include as an exhibit to its Complaint even the pages from which the excerpts of Mr. Mancuso's deposition were pulled, ostensibly since doing so would likely have revealed the incomplete and inadmissible status of the deposition transcript State Farm relies upon for this allegation.  Had State Farm included the full document to which State Farm cited in Paragraph 44 of the Complaint, not only would the incomplete and inadmissible status been revealed, but likewise revealed that Mr. Mancuso's testimony elsewhere in the deposition directly contradicted State Farm's assertions in the Complaint and were inconsistent with the erroneous testimony to which State Farm cited and for which Mr. Mancuso's Errata sheet addressed and corrected.

Moreover, State Farm materially omitted the incomplete, unsigned, and uncorrected nature of the deposition from which State Farm drew the excerpt, as well as materially omitted the non-verified and rough form of the transcript for same, in its Complaint.

Because State Farm's materially omissive allegation particularly located within Paragraph 41 of the Complaint is based on an unsigned, uncorrected transcript that has since been corrected and in reality, the allegations contained in State Farm's Complaint are scandalous and immaterial.

WHEREFORE, for the reasons set forth above, Defendants request that this Honorable Court strikes State Farm's allegations regarding Defendant Mancuso's prior unreviewed testimony.

## VIII.   CONCLUSION

WHEREFORE, for the reasons set forth above, the Complaint fails to state claims for

violations of FDUTPA against Defendants Fitzpatrick, Mancuso, and Howe. The Complaint also

failed to state claims for unjust enrichment against Defendants Fitzpatrick, Mancuso, and Howe.

Defendants jointly request that this Court dismiss Plaintiff State Farm's complaint against

Defendants Fitzpatrick, Mancuso, and Howe pursuant to Rules 9(b) and 12(b) of the Federal

Rules of Civil Procedure. Further, for the reasons set forth above, pursuant to rule 12(f),

Defendants request that this Honorable Court strikes State Farm's allegations regarding

Defendant Mancuso's prior un-reviewed testimony.

Respectfully submitted,

**ROSENBERG LAW, P.A.**

   s/Bruce S. Rosenberg
BRUCE S. ROSENBERG
Florida Bar No. 994782
rosenberg@rosenberglawpa.com
ALEXIS ROSENBERG
Florida Bar No. 335400
arosenberg@rosenberglawpa.com
6950 Cypress Road, Suite 107
Plantation, Florida 33317
(954) 790-6100
service@rosenberglawpa.com

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on the 25th day of November 2019, the foregoing document is
being served on all counsel of record, via transmission of Notices of Electronic Filing generated
by CM/ECF.

s/Alexis Rosenberg
Alexis Rosenberg, Esq.