UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Case No. 6:19-cv-1837-CEM-LRH

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY and STATE
FARM FIRE AND CASUALTY
COMPANY,

    Plaintiffs,

v.

ADVANTACARE OF FLORIDA, LLC,
CRN RECEIVABLE MANAGEMENT
LLC, ADVANTACARE MULTI-
SPECIALTY GROUP, LLC,
KERRIANN FITZPATRICK, f/k/a
KERRIANN HERZOG,
JOHN MANCUSO,
KENNETH HOWE, and
FRANK SEVERIANO ALVAREZ JR.,
M.D.,

    Defendants.
_____/

**PLAINTIFFS STATE FARM MUTUAL AUTOMOBILE INSURANCE
COMPANY AND STATE FARM FIRE AND CASUALTY COMPANY'S
MOTION FOR ENTRY OF A CONFIDENTIALITY AND
<u>PROTECTIVE ORDER AND INCORPORATED MEMORANDUM OF LAW</u>**

    Plaintiffs, State Farm Mutual Automobile Insurance Company and State Farm Fire and

Casualty Company (collectively the "State Farm Plaintiffs"), move for the entry of the attached

proposed Confidentiality and Protective Order (Exhibit "A"), and in support state as follows:

    1.    This action involves an unlawful scheme orchestrated by Defendants to obtain

payments from the State Farm Plaintiffs through the submission of thousands of medical bills

1

and related documentation for services purportedly provided to individuals involved in automobile accidents and eligible for Personal Injury Protection Coverage ("PIP Benefits") and Medical Payments Coverage ("MPC") (collectively, "No-Fault Benefits") under automobile insurance policies issued by the State Farm Plaintiffs.

2. This litigation will require the review and production of a significant amount of confidential information between the Parties, including protected health information ("PHI") and the Parties' own sensitive commercial information.

3. To facilitate discovery in this action, counsel for the State Farm Plaintiffs sent a proposed Confidentiality Agreement to counsel for the Defendants on January 30, 2020. A copy of the proposed Confidentiality Agreement is attached as Exhibit B. The State Farm Plaintiffs specifically sought to reach an agreement with the Defendants without the Court's intervention because of the December 18, 2019 Case Management and Scheduling Order, which specifically provides the Court discourages unnecessary stipulated motions for a protective order:

> **F. Confidentiality Agreements** - The parties may reach their own agreement regarding the designation of materials as "confidential." There is no need for the Court to endorse the confidentiality agreement. The Court discourages unnecessary stipulated motions for a protective order. The Court will enforce stipulated and signed confidentiality agreements. Each confidentiality agreement or order shall provide, or shall be deemed to provide, that "no party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need." *See also* "Motions to File Under Seal" below.

Case Management and Scheduling Order [ECF No. 50], § I(F).

4. On March 19, 2020, after several rounds of discussions, counsel for Defendants CRN Receivable Management LLC, Advantacare Multi-Specialty Group, LLC, Kerriann

Fitzpatrick, John Mancuso, and Kenneth Howe informed counsel for the State Farm Plaintiffs these Defendants would not agree to the proposed Confidentiality Agreement.[1] The Defendants' primary issues of concern pertain to paragraphs 9 and 13 of the proposed Confidentiality Agreement.

5. Paragraph 9 addresses the handling of subpoenas that seek production of information designated as confidential. *See* Exhibit B ¶ 9. Paragraph 9 provides a Party who receives a subpoena seeking the production of said confidential information is required to provide notice to the Party who originally designated the information as confidential. The designating Party would then have the option of moving to quash or modify the subpoena.

6. The Defendants insist the Party who receives the Subpoena should be obligated to move to quash or modify the subpoena. The Defendants' position is untenable for two primary reasons.

7. First, the Party who designated the information as confidential is in the best position to defend its own decision to designate the information as confidential. Quite simply, it makes no sense to burden the recipient of a subpoena with the obligation of defending a confidential designation made by another person or entity.

8. Second, the interests of a Party who receives a subpoena may not align with the interests of the Party who designates the information as confidential. For example, a health care clinic such as Advantacare Multi-Specialty Group, LLC has no interest in protecting the State Farm Plaintiffs' confidential and proprietary policies, procedures, and manuals, and may

---

[1] Defendants Advantacare of Florida, LLC and Frank S. Alvarez, Jr., M.D. subsequently joined in the other Defendants' objections to the proposed Confidentiality Agreement.

even think it would be advantageous if this information is disseminated to the public in other litigation. In contrast, the State Farm Plaintiffs have expended significant resources developing their policies, procedures, and manuals and would be significantly disadvantaged if this information was widely disseminated.

9. In fact, the recipient of the subpoena may simply choose not to protect another party's confidential information.[2] In this scenario, the protections afforded to the Parties' confidential information would be rendered a virtual nullity, subverting the entire purpose of the proposed Confidentiality Agreement. Given the time it could take to properly respond to a subpoena, this outcome is far from remote. For these reasons, Defendants' position does not sufficiently safeguard the Parties' confidential information.

10. Defendants also take issue with paragraph 13(b), which provides a limited exception for the destruction of certain documents at the end of the litigation:[3]

> 13. **Miscellaneous**. Entering into or otherwise complying with this Agreement or producing or receiving Confidential Information shall not . . . [r]equire [the State Farm Plaintiffs] to destroy any documents the State Farm Plaintiffs are otherwise required to maintain pursuant to applicable insurance regulations, including antifraud regulations; any evidentiary hold orders in connection with other litigation; statutory requirements, including applicable statutes of limitations; and the State Farm Plaintiffs' regular business practices for destruction of documents[.]

*See* Exhibit B ¶ 13(b).

---

[2] Indeed, Defendants' proposal allows the party that received confidential information the ***option*** to modify or quash a subpoena that requests another party's confidential information. This is the legal equivalent of asking the fox to guard the henhouse.

[3] The State Farm Plaintiffs never planned to maintain medical records produced by the Defendants in this Action pursuant to paragraph 13(b). To clarify this point, the proposed Confidentiality and Protective Order specifically provides that medical records produced by the Defendants in this Action are not subject to this provision. *See* Exhibit A ¶ 14(b).

11. Paragraph 13(b) is needed to protect the State Farm Plaintiffs from inconsistent legal obligations. As the Court is aware, the State Farm Plaintiffs are nationwide insurance carriers and are subject to differing laws and regulations in each state in which they operate. Paragraph 13(b) was included in the proposed Confidentiality Agreement to ensure the State Farm Plaintiffs would not be obligated to destroy documents at the end of this case if they otherwise have a legal obligation to maintain them.

12. Defendants object to paragraph 13(b) because they are concerned the State Farm Plaintiffs could utilize it to share Defendants' confidential information with insurance regulators and law enforcement. The State Farm Plaintiffs proposed two revisions to paragraph 13(b) in a good faith effort to address Defendants' concerns. The State Farm Plaintiffs proposed language clarifying any information not destroyed at the end of the litigation would remain subject to paragraph 2 of the proposed Confidentiality Agreement, which limits disclosure of confidential information to certain categories of individuals involved in the litigation, including the Court, mediators, attorneys of record, and experts among others. The State Farm Plaintiffs also proposed providing notice of any documents that are not destroyed, which would allow the Defendants an opportunity to object. Defendants rejected both proposals and insist on a wholesale deletion of paragraph 13(b).

13. The Defendants have indicated they are going to proceed in this litigation without a confidentiality agreement and do not intend on moving for the entry of a protective order. This course of action is unworkable given the nature of this litigation.

14. The State Farm Plaintiffs and Advantacare Multi-Specialty Group, LLC have served requests for production that seek the production of PHI, including medical records and

other related documents for 1,262 patients who treated with Advantacare Multi-Specialty Group, LLC.

15.     The privacy standards promulgated pursuant to the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") prohibit the disclosure or use of any person's PHI in a judicial proceeding unless satisfactory safeguards are in place to limit the use and disclosure of the PHI.[4] *See* 45 C.F.R. § 164.512(e).

16.     Under 45 C.F.R. § 164.512(e)(1)(v), HIPAA's privacy standards are satisfied by, inter alia, the entry of a protective order that:

a.  prohibits the parties from using or disclosing the PHI for any purpose other than the subject litigation; and

b.  requires that the PHI (including all copies made) be returned to the health care provider from whom the PHI was obtained, or that the PHI (including all copies made) be destroyed, at the conclusion of the litigation, including appellate proceedings.

17.     In addition, Advantacare Multi-Specialty Group, LLC has served requests for production that seek the State Farm Plaintiffs' internal policies, procedures, and manuals pertaining to the handling of insurance claims. For example, Requests 2 and 9 from Advantacare Multi-Specialty Group, LLC's First Request for Production of Documents provide:

> Produce a copy of any and all policies and procedures that Plaintiffs', through its employees, agents, assigns and/or adjusters, relied upon in the evaluation and determination of payment or non-payment of Defendant's patient treatment and testing costs for Defendant's patients in the claim files as listed

---

[4] The State Farm Plaintiffs, as automobile liability insurers, are not covered entities under HIPAA (*See* 45 C.F.R. §160.103(2) stating a health plan does not include a policy, plan or program that pays for the cost of excepted benefits, which includes benefits paid under "liability insurance." 42 U.S.C. §300gg-91(c)(1)(C)). Nevertheless, a confidentiality and protective order is needed to facilitate discovery of PHI because the defendants are covered entities under HIPAA.

in Exhibits 11 and 12 attached to the Summons and Complaint that were in place at State Farms leading to and during the relevant time of this lawsuit.

Produce a copy of any and all manuals and/or policies and procedures applicable to Florida No-Fault claim handling that are available to all State Farm personnel involved in the handling and decision making process for each of Defendant's patients' claim files as listed in Exhibits 11 and 12, attached to the Summons and Complaint, originating from or used by State Farm Insurance Company personnel which were in place at State Farm leading to and during the relevant time of this lawsuit.

18.     Pursuant to Federal Rule of Civil Procedure 26(c)(1)(g), the Court may enter an order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way."

19.     Good cause exists for a protective order here because the State Farm Plaintiffs' internal policies, procedures, and manuals pertaining to the handling of insurance claims are confidential and proprietary. *See Gov't Employees Ins. Co. v. Clear Vision Windshield Repair, L.L.C.*, No. 616CV2077ORL28TBS, 2017 WL 1438426, at *6-7 (M.D. Fla. Apr. 24, 2017) (granting automobile insurer's motion for entry of confidentiality order upon finding its operational procedures and insureds' personally identifying information was sensitive and "worthy of protection"); *Promenades Mall (E&A), LLC v. Allstate Ins. Co.*, No. 208CV475FTM29SPC, 2009 WL 10670070, at *5 (M.D. Fla. May 11, 2009) (recognizing automobile insurer's policies, procedures, and manuals are proprietary and confidential and entering protective order to prevent the public disclosure of the materials); *see also State Farm Mut. Auto. Ins. Co. v. Health & Wellness Servs., Inc.*, No. 18-23125-CIV, ECF No. 118 (S.D. Fla. Jan. 31, 2020) (entering agreed confidentiality and protective order in a case involving scheme to defraud an automobile insurer through the unlawful operation of health care clinics).

20. Consequently, the entry of a confidentiality and protective order is necessary to facilitate discovery in this action and govern the disclosure of confidential information and the inadvertent production of privileged information.

WHEREFORE, the State Farm Plaintiffs respectfully request this Court enter the Confidentiality and Protective Order attached to this Motion as Exhibit A and for such other relief as the Court deems just.

## LOCAL RULE 3.01(G) CERTIFICATION

The undersigned hereby certifies that on January 30, 2020 counsel for the State Farm Plaintiffs sent via email the proposed Confidentiality Agreement to counsel for the Defendants in a good faith effort to reach an agreement between the Parties on the same without the Court's intervention. On March 19, 2020, after numerous rounds of discussions, counsel for Defendants CRN Receivable Management LLC, Advantacare Multi-Specialty Group, LLC, Kerriann Fitzpatrick, John Mancuso, and Kenneth Howe informed undersigned counsel that Defendants would not agree to the proposed Confidentiality Agreement. Counsel for Advantacare of Florida, LLC and Frank Severiano Alvarez Jr., M.D. informed undersigned counsel of the same on April 10, 2020.

Dated: April 16, 2020　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　By: */s/ David I. Spector*
　　　　　　　　　　　　　　　　　　　　DAVID I. SPECTOR, ESQ.
　　　　　　　　　　　　　　　　　　　　Fla. Bar No. 086540
　　　　　　　　　　　　　　　　　　　　JAMES J. DUFFY, ESQ.
　　　　　　　　　　　　　　　　　　　　Fla. Bar No. 0068662
　　　　　　　　　　　　　　　　　　　　JOSEPH F. VALDIVIA, ESQ.
　　　　　　　　　　　　　　　　　　　　Fla. Bar No. 0107878

HOLLAND & KNIGHT LLP
222 Lakeview Avenue
Suite 1000
West Palm Beach, Florida  33401
Telephone:  (561) 833-2000
Facsimile:   (561) 650-8399
david.spector@hklaw.com
james.duffy@hklaw.com
joseph.valdivia@hklaw.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on April 16, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified in the list below via transmission of Notices of Electronic Filing generated by CM/ECF.

| BRUCE S. ROSENBERG, ESQ.<br>Fla. Bar No. 994782<br>ROSENBERG LAW, P.A.<br>1895 Floyd Street,<br>Suite B<br>Sarasota, Florida 34239<br>Telephone: (941) 373-6777<br>rosenberg@rosenberglawpa.com<br><br>GREGORY A. ZITANI, ESQ.<br>Fla. Bar No. 188956<br>LAW OFFICES OF GREGORY A. ZITANI, PLLC<br>4046 Sawyer Road<br>Suite D<br>Sarasota, Florida 34233<br>Telephone: (941) 552-0373<br>Facsimile: (941) 377-3886<br>greg.zitani@westcolaw.com<br><br>*Attorneys for CRN Receivable Management LLC, Advantacare Multi-Specialty Group, LLC, Kerriann Fitzpatrick, f/k/a Kerriann Herzog, John Mancuso, and Kenneth Howe* | CHAD A. BARR, ESQ.<br>Fla. Bar No. 055365<br>Chad Barr Law<br>986 Douglas Avenue<br>Altamonte Springs, FL 32714<br>(407)599-9036 – Office<br>chad@chadbarrlaw.com<br><br>*Attorney for Advantacare of Florida, LLC, and Frank Severiano Alvarez, Jr., M.D.* |