**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY and STATE FARM FIRE
AND CASUALTY COMPANY,

    Plaintiffs,                                  CASE NO: 6:19-cv-1837-CEM-LRH

v.

ADVANTACARE OF FLORIDA, LLC,
CRN RECEIVABLE MANAGEMENT
LLC, ADVANTACARE MULTISPECIALTY
GROUP, LLC,
KERRIANN FITZPATRICK, f/k/a
KERRIANN HERZOG,
JOHN MANCUSO,
KENNETH HOWE, and
FRANK SEVERIANO ALVAREZ JR.,
M.D.,
    Defendants.
_____/

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS STATE FARM
MUTUAL AUTOMOBILE INSURANCE COMPANY AND STATE FARM FIRE AND
CASUALTY COMPANY'S MOTION FOR ENTRY OF A CONFIDENTIALITY AND
<u>PROTECTIVE ORDER AND INCORPORATED MEMORANDUM OF LAW</u>**

Defendants CRN RECEIVABLE MANAGEMENT LLC; ADVANTACARE MULTISPECIALTY GROUP, LLC; KERRIANN FITZPATRICK, f/k/a KERRIANN HERZOG; JOHN MANCUSO; and KENNETH HOWE, pursuant to Local Rule 3.01(b), hereby file Defendants' opposition to Plaintiffs State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company's Motion for Entry of a Confidentiality and Protective Order and Incorporated Memorandum of Law (Doc. 57), and further state:

I. **BACKGROUND**

The parties have been engaging in good faith discussions regarding the possibility of entering a Confidentiality agreement since January 30, 2020. While Defendants were initially amenable to entering an agreement, Plaintiffs would not agree to reasonable changes proposed by Defendants. *See* Defendants' proposed changes to Plaintiffs' confidentiality order attached as Exhibit A.  Defendants informed Plaintiffs that they would not agree to very specific terms of the agreement proposed by Plaintiff. The same terms have been included in the proposed order submitted to this court as Exhibit A to Plaintiffs' motion for entry of a confidentiality and protective order (hereinafter "Plaintiffs' Proposed Confidentiality Order"). In addition to the Defendants not seeking a Confidentiality Agreement at this time, the specific terms Defendant will not agree to are included in Paragraph 10 and 14[1] of Plaintiffs' Proposed Confidentiality Order.  Paragraph 10 states:

> **Subpoenas:** In the event any Party, person or entity in possession, custody or control of any Confidential Information receives a subpoena or order to produce such information, then the Party, person, or entity shall promptly provide written notice to the attorneys of record for the Party who designated the document, information or item as Confidential and shall furnish those attorneys of record with a copy of said subpoena or order, unless the Party is instructed by a court or law enforcement that it may not provide such notice. Where possible, at least ten (10) days' notice before production or other disclosure shall be given. If the Party claiming confidentiality makes a motion to quash or to modify the subpoena or order, then the Party, person or entity receiving the subpoena or order shall comply with applicable law or the order of the court having jurisdiction over such subpoena, order or motion. If no such motion is made, despite a reasonable opportunity to do so, the Party, person or entity receiving the subpoena or order is entitled to comply with it.

The relevant portion of Paragraph 14 states:

---

[1] Plaintiffs refer to paragraphs 9 and 13 of the confidentiality agreement that they originally proposed to Defendants. Because Plaintiffs are moving for entry of their proposed Confidentiality and Protective Order attached as Exhibit A to their motion, Defendants will reference the terms as represented and enumerated in Plaintiffs' Exhibit A.

> **Miscellaneous.** Entering into or otherwise complying with this Order or producing or receiving Confidential Information shall not:
> [. . .]
> b. Require State Farm Mutual Automobile Insurance Company or State Farm Fire and Casualty Company (the "State Farm Plaintiffs") to destroy any documents, with the exception of medical records produced by the Defendants in this Action, that the State Farm Plaintiffs are otherwise required to maintain pursuant to applicable insurance regulations, including antifraud regulations; any evidentiary hold orders in connection with other litigation; statutory requirements, including applicable statutes of limitations; and the State Farm Plaintiffs' regular business practices for destruction of documents; and
> c. Prohibit, restrict, or require an authorization for the retention, use, or disclosure of nonpublic medical information and records by the State Farm Plaintiffs as authorized or as reasonably required by federal or state law or regulation, or court order or rule.

State Farm misstates Defendants' position. Defendants would not agree to an order in which State Farm was not required to notify Defendants of a subpoena immediately. Defendants also hoped to include terms requiring Plaintiffs to move to quash any hypothetical subpoena on the basis of the protective order and otherwise defend against disclosure of documents produced during discovery.

Additionally, Defendants informed Plaintiffs that a separate HIPAA Qualified Protective Order might be needed to insure compliance as a "covered entity" under HIPAA. Plaintiffs would not agree to two separate orders and instead attempted to include protected patient health information under the "confidential" designation under its proposed order.

## II. LEGAL BACKGROUND

The Federal Rules of Civil Procedure allow the issuance of a protective order if "good cause" is shown. Fed. R. Civ. P. 26(c). A "district court must articulate its reasons for granting a protective order sufficient for appellate review." *In re Alexander Grant Litigation*, 820 F.2d 352,

355 (1987). In addition to requiring good cause, the 11th Circuit has also required the district court to balance the interests of the parties. *Farnsworth v. Procter & Gamble*, 758 F.2d 1545 (11th Cir. 1985) (citing in *In re Alexander Grant Litigation*, 820 F.2d at 356)).

An "umbrella" protective order is warranted where (1) the complexity of the litigation renders a document-by-document review of discovery materials impracticable; and (2) the parties consent to the order. *In re Alexander Grant & Co. Litig.*, 820 F.2d. at 357. "Protective orders must be precisely drawn." *Lockheed Martin Corp. v. Boeing Co.*, No. 6:03-cv-796-Orl-28KRS, 2005 U.S. Dist. LEXIS 44820, at *5 (M.D. Fla. 2005) (citing *In re Alexander Grant & Co. Litigation*, 820 F.2d at 356).

When determining good cause, courts may balance the interests of the parties and consider the likelihood and severity of the perceived harm. *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 356. Courts consider four factors: "[1] the severity and the likelihood of the perceived harm; [2] the precision with which the order is drawn; [3] the availability of a less onerous alternative; and [4] the duration of the order." *Id.; see also, Coe v. Beverstein*, No. 12-81290, 2013 U.S. Dist. LEXIS 195319, at *2 (S.D. Fla. 2013).

"The party seeking entry of a confidentiality or protective order bears the burden of showing its necessity, and this burden requires a 'particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements.'" *Rubenstein Law, P.A. v. Friedman Law Assocs.*, No: 8:16-cv-1511-T-36JSS, 2017 U.S. Dist. LEXIS 11240, *4-5 (M.D. Fla. 2017) (citing *Ekokotu v. Fed. Express Corp.*, 408 F. App'x 331, 336 (11th Cir. 2011)). Trade secrets and other confidential information is only entitled to protection when disclosure would result in a "specified harm." *Lockheed Martin Corp. v. Boeing Co.*, No. 6:03CV796 ORL28KRS, 2005 U.S. Dist. LEXIS 44820, (M.D. Fla. Jan. 26, 2005).

## III. ARGUMENT

The order proposed by Plaintiffs fails the Eleventh Circuit's test for an "umbrella" protective order. Plaintiffs are not entitled to an umbrella confidentiality order of this nature without the consent of Defendants. The purpose of an agreed confidentiality order is to facilitate discovery by protecting documents from disclosure or use outside of specific litigation. Express prohibitions on disclosure or use of documents designated as "confidential" outside of the specific litigation are nearly universal in "umbrella" or "blanket" protective orders regarding confidentiality (hereinafter referred to as "Umbrella Confidentiality Orders"). Also nearly universal in these orders are the requirement that all documents designated as confidential be returned or destroyed at the conclusion of the specific litigation. The terms that Plaintiffs require would eviscerate the "protective" nature and purpose of any Umbrella Confidentiality Order or similar agreement.

Litigation can move forward without a protective order or confidentiality agreement, and Plaintiff can compel Defendant where they reach an impasse about what information is entitled to protection under the law. Plaintiffs cite no law supporting their demand for, save one single agreed confidentiality order, which was endorsed by the court.

### A. State Farm's Motion and Proposed Order Fails the 11th Circuit Test

"In order to preserve the confidentiality of sensitive materials, a district court may regulate access to the information by issuing a protective order pursuant to Rule 26(c)." *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 355 (11th Cir. 1987)(*citing Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984)). The Eleventh Circuit upholds standard Umbrella Confidentiality Orders "in complex litigation where document-by-document review of discovery materials would be [im]practicable." *Id.* at 354, 357 (approving an umbrella order as to

"discovery materials compiled in a series of complex securities actions consolidated for discovery purposes"); *see also McCarthy v. Barnett Bank of Polk County*, 876 F.2d 89, 92 (11th Cir. 1989) (approving an umbrella order where the "case involve[d] allegations of violations of federal security laws and RICO and discovery . . . delved into the financial affairs of 139 plaintiffs"). In addition, the Eleventh Circuit, in upholding umbrella protective orders, has required that "the parties consent to the order." *In re Alexander Grant & Co. Litigation*, 820 F.2d at 357.

Defendant has not consented to Plaintiffs' Proposed Confidentiality Order. Where the parties do not agree, rather than "tackling challenges to a document's confidential classification on the back end," the party moving for the protective order must show "good cause" for deeming confidential the "generalized categories" of information. *See West v. Verizon Servs. Corp.*, No. 8:08-CV-1325-T-33MAP, 2010 WL 11483193, at *1 (M.D. Fla. Aug. 2, 2010)(denying party's contested motion for an "umbrella" protective order where party asserted "in a conclusory fashion" that discovery would implicate its customer relations, customer inquiries about its services, its business methods and strategy for addressing its customer-services needs, and its technology used in addressing customer concerns, its business relationship with a defendant, and its practice and policy regarding the outsourcing of customer service network). Plaintiff has not articulated good cause for protecting the generalized category of "information that is confidential and/or sensitive in nature."

B. <u>Standard Umbrella Orders Do Not Include These Terms</u>

Standard Umbrella Confidentiality Orders do not include terms similar to Paragraphs 10 and 14 of Plaintiffs' Proposed Confidentiality Order. Typical Umbrella Confidentiality Order require 1) complete prohibition on use of confidential material for any reason outside of the

lawsuit; 2) return or destruction of all confidential material produced during discovery, with no exception at the termination of the action; and 3) immediate notice of a subpoena served on a party for production of confidential material received during discovery. *See e.g., D'Aprile v. Unum Life Ins. Co. of America*, No. 2:09-CV-270, 2010 WL 3788271 (M.D. Fla. April 1, 2010)(ECF #46, ¶¶ 9, 14) (prohibiting use of confidential material for any other litigation, requiring **immediate** notice of subpoenas, assistance of obtaining appropriate protection, return of all confidential material produced, including copies, notes, summaries, renderings, photographs, recordings, and reproductions of every kind within 20 day of termination of the action, without exception)(emphasis added)(attached as Exhibit B); *McDonld v.Cooper Tire & Rubber Co*, No. 801CV1306T27TGW, 2005 WL 3372855 (M.D. Fla. May 2, 2002)(ECF #41)(attached as Exhibit C); *see also* Manual for Complex Litigation, Fourth Edition (Sample Order attached as Exhibit D).

Plaintiffs do not cite a single example of a protective order that contains Plaintiffs' terms and was entered without the agreement of the parties. In *Gov't Employees Ins. Co. v. Clear Vision Windshield Repair, L.L.C.*, the entered confidentiality order does not include any terms analogous to the two terms at issue here. No. 616CV2077ORL28TBS (M.D. Fla. Apr. 24, 2017) (ECF Doc. 73)(attached as Exhibit E). In fact, the court specifically required that unless the parties agreed otherwise, "all material produced and designated as 'CONFIDENTIAL' shall be returned to the producing party." *Id.* at ¶ 12 ("[t]he parties may <u>agree</u> to terms under which counsel for a party may retain certain 'CONFIDENTIAL' information in **strict confidence** to comply with governing laws or for other good cause shown. In no event, [sic] may any party or their counsel use 'CONFIDENTIAL' information obtained in this litigation in any subsequent lawsuit or proceeding.")(emphasis added); *see also Gov't Employees Ins. Co. v. Clear Vision*

*Windshield Repair, L.L.C.*, No. 616CV2077ORL28TBS, 2017 WL 1438426 (M.D. Fla. Apr. 24, 2017).

In *Promenades Mall (E&A), LLC v. Allstate Ins. Co.*, the Confidentiality Order imposed by the court was in response to a motion to compel production of documents, not on the motion of any party. No. 208CV475FTM29SPC, 2009 WL 10670070, at *5 (M.D. Fla. May 11, 2009). The parties did not agree on terms. *Id.* The terms of the "Protective Order of Confidentiality" entered by the court prohibited retention or use confidential material outside of the lawsuit for any reason, requiring the return of "all confidential material produced, including all copies notes, summaries, renderings, photographs, recordings, and reproductions of every kind." *Promenades Mall (E&A), LLC v. Allstate Ins. Co.*, No. 208CV475FTM29SPC (M.D. Fla. May 11, 2009) (ECF #53 ¶¶ 9, 14.)(attached as Exhibit F). The terms governing a party's response to subpoenas in *Allstate Ins. Co* was starkly different from the terms proposed by State Farm: "[i]f any subpoenas, request for production, or other forms of discovery in connection with other litigation are served on any party to this litigation are served on any party to this protective order, that party will **immediately** notify the Defendant's Counsel of record, provide Defendant's Counsel of record with a copy of the subpoena, etc., and will consent to and assist in obtaining an order from the appropriate court protecting the confidential material from being disseminated outside the scope of this Protective Order." *See Id.* at ¶9 (ECF #53). Additionally, the temporal scope of the order requiring the return of confidential material, which is a factor under *In re Alexander Grant, & Co. Litig.,* 820 F.2d at 356, necessarily limits the possibility of the subpoena becoming an issue.

The only case cited including similar subpoena terms was an <u>agreed</u> order in a different district. *See State Farm Mut. Auto. Ins. Co. v. Health & Wellness Servs., Inc.*, No. 18-23125-

CIV, ECF No. 118 (S.D. Fla. Jan. 31, 2020)(Order attached as Exhibit G). The fact that a party in another case imprudently agreed to atypical and inconsistent terms has no bearing on this case. The court in *Health & Wellness Servs.* did not even issue an accompanying order; the court simply signed and docketed State Farm's proposed order. *Id.*

  C.  A Confidentiality Order is Unnecessary at this Time

Plaintiffs may obtain discovery of non-privileged matter that is relevant to any claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Where a party asserts privilege over and withholds otherwise discoverable information the party may expressly make the claim and produce a privilege log describing the nature of the information. Fed. R. Civ. P. 26(b)(5). "The party seeking entry of a confidentiality or protective order bears the burden of showing its necessity, and this burden requires a 'particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements.'" *Ekokotu v. Fed. Express Corp.*, 408 F. App'x 331, 336 (11th Cir. 2011) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)). Defendants have made no argument that the redaction of privileged information and production of a privilege log will be too burdensome.  Plaintiffs have made no argument that any exceptional amount of confidential information, other than HIPAA information, falls within the scope of discovery. They seek an overbroad, unnecessary order that would have Defendants violate the requirements of HIPAA and patients privacy by requiring the disclosure of facially irrelevant information (i.e. health information of patients who are not insured by Plaintiffs, or information related to treatment of Plaintiffs patients after exhaustion of their auto insurance policy).

  D.  Plaintiffs' Proposed Confidentiality Order Fails to Meet HIPAA Requirements

Plaintiffs enumerate "personally identifiable information of certain patients" as the only example of information that is "confidential and/or sensitive in nature" under Plaintiffs' Proposed Confidentiality Order. As Defendant has made Plaintiffs aware, Defendant Advantacare MSG is a "covered entity" under the Health Insurance Portability and Accountability Act ("HIPAA"). *See* 45 C.F.R. § 160.103. Under 45 C.F.R. § 164.512, a HIPAA qualified protective order must a) prohibit the parties from using or disclosing the protected health information for **any purpose** other than the litigation or proceeding for which such information was requested and b) **require the return to the covered entity or destruction** of the protected health information (including all copies made) at the end of the litigation or proceeding. Plaintiffs' sloppy attempt to lump the protections for protected health information into Plaintiffs' Proposed Confidentiality Order would put Defendant Advantacare MSG in violation of its HIPAA obligations. Assuming arguendo a HIPAA Confidentiality Order becomes necessary, such an order would not entitle Plaintiff to obtain any more information than is required for the needs of the case. Accordingly, redactions would still be required for any HIPAA information outside the scope of the issues herein. I.E. healthcare services rendered after exhaustion of the policy benefits, for treatment outside the scope of the benefits as well as information concerning patients with insurance coverage other than Plaintiffs. The terms proposed by Plaintiff are diametrically opposed to the HIPAA requirements.

While Defendants believe that a HIPAA qualified protective order may be necessary to facilitate discovery in this case, ultimately Plaintiff has not met the burden of showing that there is good cause to enter an Umbrella Protective Order here.

**II. CONCLUSION**

Plaintiffs have failed to meet their burden of establishing good cause for an Umbrella Confidentiality Order. Further, there is no reason to carve out exceptions to the standard prohibition on outside use and mandatory return terms. Plaintiffs has cited no law that requires or expressly allows Plaintiffs to retain confidential information received during discovery. Defendants have been reasonable in their refusal to agree to such atypical, senseless terms. The standardization of such terms would create a perverse incentive for insurers engaging in fishing expeditions and regulating agencies, particularly when combined with the subpoena terms requested by Plaintiffs. Ordinarily, an enforcement agency would not be able to obtain a litigants confidential business information without providing notice to the litigant. This type of order and interpretation of whatever vague law Plaintiffs suspect requires retention of documents received in discovery would undermine Rule 26(c) of the rules of Federal Procedure, which grants the Court the power to protect confidential information. Fed. R. Civ. P. 26(c).

If the Court finds there is good cause to enter a protective order regarding confidentiality in this case, in order to facilitate discovery in light of the potential exchange of confidential and sensitive information, Defendants request that they be provided the opportunity to submit a proposed order. A qualified protective order under HIPAA requires that the information will not be used for any purpose other than the litigation for which the information was requested. Any order entered regarding HIPAA protected information should specifically provide for the redaction of information beyond what is required for the response, including but not limited to: health care services rendered to Plaintiffs' insureds that were not related to claims for reimbursement under the automobile insurance policies related to the instant lawsuit; health care services provided to State Farm Insureds after the exhaustion of benefits due pursuant to the

policy of insurance; and health care services rendered to patients that are not State Farm Insureds whose care claims payment is the subject of this lawsuit as well as other similar protected information. Further, any order governing disclosure of HIPAA protected information must require that all copies of the information be returned or destroyed at the end of litigation. There is no reason to carve out exceptions at this juncture. If Plaintiffs believe there is information or documents it must retain, it can request modification at that time.

WHEREFORE, for the foregoing reasons, Defendants request that this honorable Court denies Plaintiffs' motion for a Confidentiality and Protective Order in full, or alternatively provide Defendants' the opportunity to submit a proposed orders governing confidential information.

Respectfully submitted,

**ROSENBERG LAW, P.A.**

__s/Bruce S. Rosenberg__
BRUCE S. ROSENBERG
Florida Bar No. 994782
rosenberg@rosenberglawpa.com
ALEXIS ROSENBERG
Florida Bar No. 335400
arosenberg@rosenberglawpa.com
6950 Cypress Road, Suite 107
Plantation, Florida 33317
(954) 790-6100
service@rosenberglawpa.com

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on the 30th day of April 2020, the foregoing document is being served on all counsel of record, via transmission of Notices of Electronic Filing generated by CM/ECF.

s/Alexis Rosenberg
Alexis Rosenberg, Esq.