UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY and STATE
FARM FIRE AND CASUALTY
COMPANY,
       Plaintiffs,

v.

Case No. 6:19-cv-01837-CEM-LRH

ADVANTACARE OF FLORIDA, LLC,
CRN RECEIVABLE MANAGEMENT
LLC,
ADVANTACARE MULTI-SPECIALTY
GROUP, LLC,
KERRIANN FITZPATRICK, f/k/a
KERRIANN HERZOG,
JOHN MANCUSO,
KENNETH HOWE, and
FRANK SEVERIANO ALVAREZ JR.,
M.D.,
       Defendants.
_____/

**DEFENDANTS; ADVANTACARE MULTI-SPECIALTY GROUP, LLC; CRN RECEIVABLE MANAGEMENT, LLC, KERRIANN FITZPATRICK , F/K/A KERRIANN HERZOG; JOHN MANCUSO; AND KENNETH HOWE'S JOINT MOTION FOR PROTECTIVE ORDER EXTENDING TIME  TO RESPOND TO PLAINTIFFS' DOCUMENT REQUESTS AND INCORPORATED MEMORANDUM OF LAW**

By this motion, Defendants; Advantacare Multi-Specialty Group, LLC; CRN Receivable Management LLC, Kerriann Fitzpatrick, f/k/a Kerriann Herzog; John Mancuso, and Kenneth Howe, (collectively "Defendants), pursuant to Local Rule 3.01(a), file their Joint Motion for Extension of Time to Respond to Plaintiffs' Document Requests ("Motion

for Extension of Time") pursuant to Federal Rules of Procedure 6(b) and 26(c) and; and in support thereof state:

1. On November 22, 2019 Plaintiffs State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company served each defendant with requests for production of documents.

2. Plaintiff has served 97 document requests on Defendant Advantacare Multi-Specialty Group, LLC; 79 requests on Defendant Kenneth Howe; 30 requests on Defendant CRN Receivable Management; 83 requests on Defendant John Mancuso; 83 requests on Defendant Kerriann Fitzpatrick.

3. The Federal Rules of Civil Procedure provide that "the party to whom the request is directed must respond in writing within 30 days after being served or — if the request was delivered under Rule 26(d)(2) — within 30 days after the parties' first Rule 26(f) conference. A shorter or longer time may be stipulated to under Rule 29 or be ordered by the court." Fed. R. Civ. P. 34(b)(2)(A).

4. Defendants began the process of responding, but due to the sheer number of requests, Defendants anticipated that thorough and accurate responses would require more time than provided for by the Rules of Civil Procedure by default.

5. Plaintiffs agreed to allow Defendants 30-day extension, moving the deadline to January 22, 2020.

6. On January 9, 2020, Counsel for the parties met in person to confer in good faith pursuant to rule 26(f) and discussed Defendants' request for mediation and the need for a Confidentiality Agreement and a HIPAA protective order.

7. During the January 9, 2020 conference, Defendants' Counsel informed Plaintiffs' Counsel that after continuing to wade through information it became clear to Defendants that as a result of the holidays interference and because of the sheer number of requests, the vast volume of potentially responsive material, and the complexity of the responses Defendants would have great difficulty meeting the modified January 22, 2020 deadline. Defendants requested a 30-day extension of the deadline to respond to Plaintiffs' requests for production.

8. Plaintiffs refused Defendants request for an extension of time at which point Defendants sought relief from the court by filing a Motion for Extension of Time to Discovery Requests. However, rather than risk waiver of objections, Defendants served their responses to Plaintiff's Requests for Production on January 22, 2020, and withdrew the Motion for Extension of Time.

9. From February to early May, the parties' counsel have participated in seven meet and confer sessions. Though these discussions have taken over 16 hours, the number of requests discussed is less than half of the 245 requests propounded by Plaintiffs in total. The parties completed discussing the issues with respect to CRN Receivable Management, which covered 31 requests for production, and Advantacare Multi-Specialty Group, LLC, which covered 97 requests for production. It was agreed that revised responses would be provided shortly and production of document would be provided on a rolling basis.

10. Meanwhile, Defendant Advantacare Multi Specialty Group, LLC has been producing document on a rolling basis, as Plaintiffs are aware.[1] However, current events have significantly impacted the ability of Defendants to review and produce responsive documents. Along with closing four clinic locations, the outbreak of COVID-19/novel coronavirus has stunted Defendants' efforts by limiting when, where, and how many individuals can review and process documents.[2]

11. Since March, businesses have been impacted as they sought to follow recommendations of federal, state, and local agencies regarding social distancing, avoiding crowds, and working remotely.[3] On April 3, 2020, the Governor DeSantis issued an order that limiting all but "essential services" and "essential activities."[4] These changes have further directly impacted the day-to-day work of Defendants and undersigned counsel. On top of work-related changes, statewide mandates have resulted in school closures beginning in mid-March lasting

---

[1] Defendant Advantacare Multi-Specialty Group, LLC has produced over 2,500 documents thus far.

[2] *See* "WHO Director-General's opening remarks at the media briefing on COVID-19 - 11 March 2020," accessed on May 5, 2020, at https://www.who.int/dg/speeches/detail/who-director-general-s-opening-remarks-at-the-media-briefing-on-covid-19---11-march-2020.

[3] *See, e.g.,* "Interim Guidance for Businesses and Employers," accessed on May 5, 2020 at https://www.cdc.gov/coronavirus/2019-ncov/community/guidance-business-response.html

[4] Fla. Exec. Order No. 20-91 (Apr. 1, 2020) https://www.flgov.com/wp-content/uploads/orders/2020/EO_20-91-compressed.pdf.

through at least May, 2020, which directly impacts several of the undersigned attorneys with school-aged children.[5]

12. On May 1, 2020, counsel for Defendants requested additional time to confer with Defendants Kerriann Fitzpatrick, f/k/a Kerrian Herzog; John Mancuso, and Kenneth Howe regarding the meet-and-confer sessions in order to obtain final confirmation whether they were willing to change their position on any of the objections raised.

13. Rather than acknowledge the burden of such extensive requests, particularly during this tumultuous period requiring Defendants to be understaffed, Plaintiffs refused to establish a reasonable deadline to allow Defendants' counsel to confer with Defendants Kerriann Fitzpatrick, f/k/a Kerrian Herzog; John Mancuso, and Kenneth How regarding the meet-and-confer sessions and whether they were willing to change their position on any of the objections raised.

14. Under Rule 26(c)(1), the Court may for good cause grant a protective order specifying the terms, including the time for the disclosure of discovery. Fed. R. Civ. P. 26(c)(1)(B).

15. Here there is good cause to extend the time for Defendants to respond because of the burdensome number of requests issued by Plaintiffs along with the impact of the current pandemic.

---

[5] *See, e.g.,* Coronavirus Preparation: News and Updates, accessed May 5, 2020 at https://www.sdhc.k12.fl.us/doc/2652/communications/resources/coronaupdates.

16. Therefore, Defendants seek redress from the Court to establish a reasonable deadline of 60 days from the filing of this motion, July 10, 2020, for Defendants to serve Plaintiffs with amended responses and produce responsive documents.

17. The current Discovery Deadline is February 2, 2021, and the requested modification will have no impact on the current Case Management Order. (Doc. 16).

18. This Motion for Extension of Time is not being filed for the purposes of delay, and none of the parties, nor the court, will be prejudiced by the requested extension.

WHEREFORE, Defendants respectfully request this Court grant Defendants' Motion for a Protective Order Extending Time To Respond To Plaintiffs' Discovery Requests and provide a 60-day extension, up through and including July 10, 2020, in which to serve revised responses to Plaintiffs' discovery requests and produce documents.

## CERTIFICATE OF GOOD FAITH CONFERENCE
## PURSUANT TO LOCAL RULE 3.01(g)

Pursuant to Local Rule 3.01(g), I hereby certify that on May 5, 2020 counsel for the movants conferred in good faith with David Spector, James Duffy and Matthew Detzel, counsel for the Plaintiffs, regarding the requested extension via email. David Spector objected to the extension.

Date: May 11, 2020

Respectfully submitted,

By: */s/ Bruce S. Rosenberg*
BRUCE S. ROSENBERG, ESQ.
Fla. Bar No. 994782
ALEXIS ROSENBERG, ESQ.
Fla. Bar No. 335400
ROSENBERG LAW, P.A.
6950 Cypress Road, Suite 107
Plantation, Florida 33317
Telephone: (954) 790-6100
service@rosenberglawpa.com
*Attorney for CRN Receivable Management LLC, Advantacare Multi-Specialty Group, LLC, Kerriann Fitzpatrick, f/k/a Kerriann Herzog, John Mancuso, and Kenneth Howe*

## CERTIFICATE OF SERVICE

I hereby certify that on May 11, 2020, the foregoing document was served on the following counsel via transmission of Notices of Electronic Filing generated by CM/ECF:

DAVID I. SPECTOR, ESQ.
Fla. Bar No. 086540
JAMES J. DUFFY, ESQ.
Fla. Bar No. 0068662
JOSEPH F. VALDIVIA, ESQ.
Fla. Bar No. 0107878
HOLLAND & KNIGHT LLP
222 Lakeview Avenue
Suite 1000
West Palm Beach, Florida 33401
Telephone: (561) 833-2000
Facsimile: (561) 650-8399
david.spector@hklaw.com
james.duffy@hklaw.com
joseph.valdivia@hklaw.com

Attorneys for Plaintiffs

By: /s/Alexis Rosenberg
Alexis Rosenberg, Esq.