**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and STATE FARM FIRE AND CASUALTY COMPANY,**

       **Plaintiffs,**

v.                                             Case No:   6:19-cv-1837-Orl-41LRH

**ADVANTACARE OF FLORIDA, LLC, CRN RECEIVABLE MANAGEMENT LLC, ADVANTACARE MULTI-SPECIALTY GROUP, LLC, KERRIANN FITZPATRICK, JOHN MANCUSO, KENNETH HOWE and FRANK SEVERIANO ALVAREZ, JR.,**

       **Defendants.**

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **PLAINTIFFS STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY AND STATE FARM FIRE AND CASUALTY COMPANY'S MOTION FOR ENTRY OF A CONFIDENTIALITY AND PROTECTIVE ORDER AND INCORPORATED MEMORANDUM OF LAW (Doc. No. 57)**
>
> **FILED:** April 16, 2020
>
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**.

**I.    BACKGROUND.**

On September 24, 2019, Plaintiffs State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company ("State Farm") instituted this action against the above-

named Defendants, alleging violations of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") and unjust enrichment, and seeking declaratory relief. Doc. No. 1. According to State Farm, this case "involves an unlawful scheme orchestrated by Defendants to obtain payments from [State Farm] through the submission of thousands of medical bills and related documentation for services purportedly provided" to State Farm's insureds. Doc. No. 57 ¶ 1.

In the instant motion, State Farm asks the Court to enter a proposed confidentiality order (Doc. No. 57-1) over objection by Defendants. Doc. No. 57. Defendants[1] oppose the motion. Doc. No. 58. The motion was referred to the undersigned, and the matter is ripe for review.

## II.  APPLICABLE LAW.

"The Court may issue a confidentiality order for good cause to preserve the confidentiality of sensitive materials and regulate access to the information pursuant to Federal Rule of Civil Procedure 26(c)(1)(G)." *Rubenstein Law, P.A. v. Friedman Law Assocs.*, No. 8:16-cv-1511-T-36JSS, 2017 WL 385757, at *2 (M.D. Fla. Jan. 27, 2017) (citing *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 355 (11th Cir. 1987)). "Such an order, if issued upon good cause and limited to pretrial civil discovery, is not subject to heightened scrutiny." *In re Alexander Grant & Co. Litig.*, 820 F.2d at 355 (citations omitted). "In determining whether to enter a confidentiality order, courts apply the analysis applicable for entry of protective orders." *Rubenstein Law, P.A.*, 2017 WL 385757, at *2 (collecting authority).

---

[1] For purposes of this motion, "Defendants" is defined as Defendants CRN Receivable Management LLC; Advantacare Multi-Specialty Group, LLC; Kerriann Fitzpatrick, f/k/a Kerriann Herzog; John Mancuso; and Kenneth Howe. *See* Doc. No. 58. Defendants Advantacare of Florida, LLC and Frank Severiano Alvarez, Jr. did not file a response to State Farm's motion.

A party or person from whom discovery is sought may seek a protective order protecting them from "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). A party or person moving for a protective order must show that "good cause" exists for the court to issue such an order. *Id.* A showing of good cause "contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978).[2] In addition to showing good cause, the moving party must show that, on balance, its interest in seeking the protective order outweigh the interests of the opposing party. *McCarthy v. Barnett Bank of Polk Cty.*, 876 F.2d 89, 91 (11th Cir. 1989). Protective orders must be precisely drawn. *In re Alexander Grant & Co. Litigation*, 820 F.2d at 356.

## III. ANALYSIS.

State Farm argues that this case will require production of a significant amount of confidential information between the parties, including protected health information ("PHI") subject to the requirements of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA").[3] Doc. No. 57, at 2, 6. State Farm states that the parties have been in discussions regarding entering into a private confidentiality agreement in this case; however, Defendants will not agree to enter into the confidentiality agreement proposed by State Farm. *Id.* at 2–3; *see also* Doc. No. 57-2 (State

---

[2] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

[3] State Farm acknowledges that Plaintiffs are not entities covered under HIPAA, but argues that a confidentiality order is necessary because Defendants are covered entities under HIPAA. Doc. No. 57, at 6 n.4.

Farm's proposed confidentiality agreement). Specifically, State Farm indicates that Defendants object to two provisions of the proposed protective order, which provide:

> **10. Subpoenas**. In the event any Party, person or entity in possession, custody or control of any Confidential Information receives a subpoena or order to produce such information, then the Party, person, or entity shall promptly provide written notice to the attorneys of record for the Party who designated the document, information or item as Confidential and shall furnish those attorneys of record with a copy of said subpoena or order, unless the Party is instructed by a court or law enforcement that it may not provide such notice. Where possible, at least ten (10) days' notice before production or other disclosure shall be given. If the Party claiming confidentiality makes a motion to quash or to modify the subpoena or order, then the Party, person or entity receiving the subpoena or order shall comply with applicable law or the order of the court having jurisdiction over such subpoena, order or motion. If no such motion is made, despite a reasonable opportunity to do so, the Party, person or entity receiving the subpoena or order is entitled to comply with it.
>
> **14. Miscellaneous**. Entering into or otherwise complying with this Order or producing or receiving Confidential Information shall not:
>
> . . . .
>
> b. Require State Farm Mutual Automobile Insurance Company or State Farm Fire and Casualty Company (the "State Farm Plaintiffs") to destroy any documents, with the exception of medical records produced by the Defendants in this Action, that the State Farm Plaintiffs are otherwise required to maintain pursuant to applicable insurance regulations, including antifraud regulations; any evidentiary hold orders in connection with other litigation; statutory requirements, including applicable statutes of limitations; and the State Farm Plaintiffs' regular business practices for destruction of documents; and

Doc. No. 57-1 ¶¶ 10, 14.[4] State Farm argues that entry of the proposed confidentiality order is necessary to facilitate discovery and govern the disclosure of confidential and/or privileged information. Doc. No. 57, at 8.

---

[4] Although State Farm's motion references paragraphs 9 and 13, those paragraphs reference the proposed confidentiality agreement. *See* Doc. No. 57-2. Because this Order addresses entry of the proposed protective order, *see* Doc. No. 57-1, this Order references that document.

In response, Defendants reiterate their objections to the provisions quoted above.  Doc. No. 58, at 3–4.[5]  Defendants also argue that State Farm has failed to establish entitlement to a blanket confidentiality order in this case, particularly without Defendant's consent.  *Id.* at 4–5, 7.  Defendants maintain that entry of a confidentiality order is not warranted at this time, arguing that State Farm's request is overbroad and unnecessary and fails to explain why other means such as redaction of documents would be too burdensome in this case.  *Id.* at 9.  Finally, Defendants argue that State Farm's proposed confidentiality order fails to meet the requirements of HIPAA.  *Id.* at 10.[6]

On review, State Farm has not established that it is entitled, over the objection of Defendants, to entry of the proposed confidentiality order in this case.

First, as an initial matter, State Farm has not established that a confidentiality order is necessary.  Each of the arguments made by State Farm in the motion are conclusory, and State Farm's sole assertion that it may be required to produce "internal policies, procedures, and manuals" that it alleges are "confidential and proprietary" is insufficient to justify imposition of a confidentiality order in this case.  *See, e.g.*, *West v. Verizon Servs. Corp.*, No. 8:08-cv-1325-T-33MAP, 2010 WL 11483193, at *1 (M.D. Fla. Aug. 2, 2010) (rejecting request for entry of proposed "umbrella" confidentiality order when proponent, in conclusory fashion, contended that "the

---

[5] Specifically, Defendants object to paragraph 10 because they "would not agree to an order in which State Farm was not required to notify Defendants of a subpoena immediately," and because Defendants wished to require Plaintiffs to move to quash any hypothetical subpoena based on confidential documents. Doc. No. 58, at 3.  Defendants also appear to find paragraph 14 objectionable because it allows State Farm to retain confidential materials upon conclusion of this litigation, and does not prevent use of confidential material for reasons outside of this lawsuit.  *Id.* at 6–7.

[6] Defendants acknowledge that a HIPAA-specific confidentiality order may be warranted in this case; however, Defendants maintain that State Farm's request for a blanket protective order is unnecessary. Doc. No. 58, at 10.

discovery will implicate its customer relations, customer inquiries about its services, its business methods and strategy for addressing customer service needs, its technology used in addressing customer concerns, its business relationship with Defendant . . ., and its practice and policy regarding the outsourcing of customer service work, among other matters"). And as Defendants argue, State Farm has failed to identify why redaction of such documents, to the extent that they contain confidential information subject to protection under governing law, would be insufficient.

Second, insofar as State Farm argues that production during discovery in this case may require disclosure of PHI, State Farm does not adequately explain how the provisions of the proposed confidentiality order would be sufficient to satisfy the requirements of HIPAA.[7] Nor does State Farm adequately explain how paragraph 14 of the proposed order comports with these requirements. To the contrary, Defendants contend that the proposed order submitted by State Farm would be insufficient. *See* Doc. No. 58, at 10. *Cf. Sovereign Health of Fla., Inc. v. City of Fort Myers*, No. 2:15-cv-265-FtM-29CM, 2016 WL 5870213, at *4 (M.D. Fla. Oct. 7, 2016) (finding persuasive argument that proposed protective order could expose the defendant to liability under the Public Records Act). And, given that State Farm acknowledges that it is not a covered entity under HIPAA, and that Defendants argue that there is currently no need for a confidentiality order in this case, it is unclear how State Farm's reliance on disclosure of PHI during this litigation supports its position here.

Third, State Farm's proposed confidentiality order is overbroad. For example, as it relates to the general confidentiality provisions requested by State Farm in the proposed order, State Farm

---

[7] I note that Defendants acknowledge that a HIPAA confidentiality order may be necessary in this case. However, according to Defendants, State Farm refuses to enter into two separate agreements/orders and would only include PHI protections under the "confidential" designation of State Farm's proposed order. Doc. No. 58, at 3.

explains that it needs a protective order because its "internal policies, procedures, and manuals pertaining to the handling of insurance claims are confidential and proprietary." Doc. No. 57 ¶ 19. However, State Farm's proposed confidentiality order is not so limited. The proposed order permits designation as confidential "patients' personally identifiable information, trade secret information, or *other information that is nonpublic and sensitive in nature*," which is otherwise undefined in the proposed order. *See* Doc. No. 57-1 ¶ 2 (emphasis added). As discussed above, protective orders must be precisely drawn. *In re Alexander Grant & Co. Litig.*, 820 F.2d at 356. State Farm's proposed protective order is not precisely drawn because it does not limit "confidential information" to information that is entitled to confidential treatment under governing law. *Cf. Lockheed Martin Corp. v. Boeing Co.*, No. 6:03-cv-796-Orl-28KRS, 2005 WL 5278461, at *1 (M.D. Fla. Jan. 26, 2005) (and cases cited therein).

Fourth, State Farm's proposed confidentiality order provides that the order survives termination of the action, and "the Court shall retain jurisdiction with respect to interpreting and enforcing the provisions of this Order." Doc. No. 57-1 ¶ 13. State Farm has failed to demonstrate that this provision is permissible. *See, e.g.*, *Kristoff-Rampata v. Publix Super Markets, Inc.*, No. 3:15-cv-1324-J-20PDB, 2016 WL 11431488, at *3–4 (M.D. Fla. Sept. 9, 2016) (citation omitted) ("The Court declines to include the provision that the Court will retain jurisdiction to resolve disputes after the case is closed. Reservations of jurisdiction beyond the conclusion of the case are disfavored.").

Finally, as it relates to the disputed provisions of the proposed order, paragraphs 10 and 14, State Farm has provided no authority demonstrating that these terms are either permissible under governing law or otherwise standard terms of protective orders. Accordingly, State Farm has not

sufficiently established that it would be proper for the Court to enter a confidentiality order containing these proposed terms, particularly over objection from Defendants.

For these reasons, State Farm's Motion for Entry of a Confidentiality and Protective Order (Doc. No. 57) is due to be denied. Such denial, however, will be without prejudice to filing a renewed motion, if appropriate. Prior to filing a renewed motion, State Farm must again confer with Defendants in a good faith effort to resolve the issues raised herein, pursuant to Local Rule 3.01(g), and in attempt to enter into a private confidentiality agreement with Defendants. If the parties are unable to reach an agreement, State Farm may file a renewed motion on or before **June 1, 2020**. A renewed motion must include citation to legal authority supporting each requested essential term of the proposed confidentiality order. The renewed motion also must contain a detailed recitation of the parties' conferral efforts prior to the filing of the renewed motion.

Should State Farm file a renewed motion for entry of a confidentiality order, Defendants shall respond to such motion as provided for in the Local Rules. *See* Local Rule 3.01(b). If Defendants object to specific provisions of State Farm's proposed confidentiality order, Defendants' response shall state with specificity their objections to the terms of State Farm's proposed confidentiality order, and shall propose such modifications as they deem sufficient to meet their objections.

On review, if the parties are unable to resolve their disagreements regarding the confidentiality agreement, and if the Court finds a confidentiality order necessary, the Court will implement "appropriate protections for what the Court is persuaded is information that deserves protection." *See Cornell Pump Co. v. Thompson Pump & Mfg. Co., Inc.*, No. 6:17-cv-847-Orl-41TBS, 2018 WL 3827248, at *4 (M.D. Fla. Feb. 22, 2018). Any such order may or may not

- 9 -

include the provisions requested by the parties and will be entered as it relates to only that information that is entitled to protection under governing law.

## IV. CONCLUSION.

For the reasons stated herein, Plaintiffs' Motion for Entry of a Confidentiality and Protective Order (Doc. No. 57) is **DENIED without prejudice**. State Farm may file a renewed motion on or before **June 1, 2020**, which must address the issues outlined in this Order.

**DONE** and **ORDERED** in Orlando, Florida on May 18, 2020.

*[Signature]*

LESLIE R. HOFFMAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record