**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA**

Case No. 6:19-cv-1837-CEM-LRH

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY and STATE FARM FIRE
AND CASUALTY COMPANY,

    Plaintiffs,

v.

ADVANTACARE OF FLORIDA, LLC,
CRN RECEIVABLE MANAGEMENT
LLC,
ADVANTACARE MULTI-
SPECIALTY GROUP, LLC,
KERRIANN FITZPATRICK, f/k/a
KERRIANN HERZOG,
JOHN MANCUSO,
KENNETH HOWE, and
FRANK SEVERIANO ALVAREZ JR.,
M.D.,

    Defendants.
_____/

**PLAINTIFFS STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY
AND STATE FARM FIRE AND CASUALTY COMPANY'S RESPONSE TO
DEFENDANTS' JOINT MOTION FOR PROTECTIVE ORDER EXTENDING
TIME TO RESPOND TO PLAINTIFFS' DOCUMENT REQUESTS**

Plaintiffs State Farm Mutual Automobile Insurance Company and State Farm Fire and

Casualty Company (collectively the "State Farm Plaintiffs") file their Response in Opposition

to Defendants Advantacare Multi-Specialty Group, LLC ("MSG"), CRN Receivable

Management, LLC ("CRN"), Kerriann Fitzpatrick ("Fitzpatrick"), John Mancuso ("Mancuso),

and Kenneth Howe's ("Howe") (collectively, "the Moving Defendants") Joint Motion For

1

Protective Order Extending Time to Respond to Plaintiffs' Document Requests ("Motion") [ECF No. 59] and in support, state:

## INTRODUCTION

This action involves an unlawful scheme orchestrated by the Defendants to obtain payments from the State Farm Plaintiffs through the submission of thousands of medical bills and related documentation for services purportedly provided to individuals involved in automobile accidents and eligible for Personal Injury Protection Coverage and Medical Payments Coverage under the State Farm Plaintiffs' automobile insurance policies. *See* [ECF No. 1] Compl. ¶ 1.

Advantacare of Florida, LLC ("Advantacare of Florida") operated unlawfully as an unlicensed health care clinic from January 2013 through December 2016, when it ceased operations. *Id*. at ¶ 2. Frank Severiano Alvarez Jr., M.D. ("Dr. Alvarez") purported to wholly own Advantacare of Florida in order for Advantacare of Florida to claim an exemption from Florida's mandatory health care clinic licensure laws. *Id*. In reality, Advantacare of Florida never qualified for an exemption from licensure because it was owned—at least in part—and controlled by three unlicensed laypersons: Fitzpatrick, Mancuso, and Howe. *Id*.

Advantacare of Florida was succeeded by MSG, a licensed health care clinic that operated the same seven clinic locations as Advantacare of Florida. *Id*. at ¶ 3. MSG began operating in January 2017 and continues operating today.[1] *Id*. The services MSG provided at the five clinic locations where Dr. Alvarez purportedly served as medical director were unlawful because MSG and Dr. Alvarez failed to comply with their statutory and

---

[1] In their Motion, Plaintiffs claim MSG has recently closed four of its seven clinic locations. *See* Mot. at ¶ 10.

administrative medical director duties. *Id*. Thus, the claims and charges related to the services performed at MSG are not compensable under Florida law. *See* Fla. Stat. § 400.9935(3).

Throughout this case, the Moving Defendants have sought to delay and prevent the State Farm Plaintiffs from obtaining discovery. As detailed below, these dilatory efforts include filing motions to stay discovery pending a ruling on Defendants' motion to dismiss, seeking repeated extensions to respond to discovery, asserting hundreds of pages of improper boilerplate objections, stretching meet and confer conferences regarding the boilerplate objections over more than sixteen hours from February through May, and refusing to enter into a confidentiality order that would allow the production of non-redacted documents. The Moving Defendants now seek an additional 60 days, until July 10, 2020, to serve amended responses and to produce responsive documents. *See* Mot. at ¶ 16. For the reasons stated below, the Court should deny Defendants' Joint Motion For Protective Order Extending Time to Respond to Plaintiffs' Document Requests and Order Defendants to immediately respond to the State Farm Plaintiffs' first requests for production.

## BACKGROUND

At every turn, the Defendants' have sought to thwart the State Farm Plaintiffs' diligent efforts to evaluate Defendants' compliance (or lack thereof) with the Health Care Clinic Act (Florida Statutes § 400.990-400.995). In fact, nearly six months of pre-suit discussions were unsuccessful, in part, due to Defendants' refusal to provide un-redacted copies of documents essential to the State Farm Plaintiffs' evaluation. Defendants' pre-suit conduct ultimately foreshadowed how the Defendants would proceed in this litigation.

3

The State Farm Plaintiffs served their first requests for production on November 22, 2019.  Three days later, on November 25, 2019, the Moving Defendants filed Motions to Stay Discovery Pending a Ruling on Defendants' Motions to Dismiss [ECF Nos. 20–22].  The Court denied each of these motions the very next day, noting:

> It is difficult to manage litigation when deadlines are suspended pending ruling on a motion.  Therefore, the requests to stay discovery pending ruling on a motion to dismiss are not well taken.  A party may file a motion for a protective order as to discovery that it contends is improper, or the parties may request a preliminary pretrial conference to discuss discovery and other matters.

*See* [ECF No. 23] November 26, 2019 Endorsed Order.

Four days before these responses were due, the Moving Defendants requested a thirty-day extension of time to respond.  The State Farm Plaintiffs agreed to a thirty-day extension, which extended the response deadline from December 23, 2019 to January 22, 2019.  *See* Mot. at ¶ 5.

On January 9, 2019, counsel for the Moving Defendants requested a second thirty-day extension to respond to the first requests for production.  The State Farm Plaintiffs denied this request as it appeared to be part of a larger strategy to stonewall discovery.  At that time, the undersigned explained further delays would impede Plaintiffs' ability to diligently pursue their causes of action, particularly considering defense counsel failed to provide any responses for any of his <u>five</u> clients, despite already having double the response time prescribed by Fed. R. Civ. P. 34(b)(2)(A).  Undeterred by the State Farm Plaintiffs' opposition to further discovery delays, the Moving Defendants requested this Court grant them a second thirty-day extension, until February 21, 2020, to respond to the State Farm Plaintiffs' requests for production.  *See* [ECF No. 40].  In support of their request for a second thirty-day extension, the Moving

Defendants did not cite to any extenuating circumstances, but instead blamed "the holidays,"[2] "the sheer number of requests," "the vast volume of potentially responsive material," and "the complexity of the responses." *See* [ECF No. 40] at ¶ 8. The Court did not rule on this request before the January 22, 2020 response deadline arrived, and "rather than risk waiver of objections, Defendants served their responses to Plaintiffs' Requests for Production on January 22, 2020, and withdrew the Motion for Extension of Time." Mot. at ¶ 8.

The Moving Defendants' responses span nearly 400 pages and are comprised solely of improper boilerplate objections. Notably, these responses did not include even a single responsive document, despite the Moving Defendants previously referring to "the vast volume of potentially responsive material," when seeking an extension. While these deficient and incomplete responses were admittedly served by the Moving Defendants to avoid the risk of waiving their objections, it has now been more than six months since the State Farm Plaintiffs served their first requests for production. *See* Mot. at ¶ 8. To date, MSG is the only Moving Defendant who has served an amended response.[3]

The Moving Defendants did not produce a single responsive document until MSG made its initial production on May 1, 2020. Moreover, MSG's productions are filled with improper redactions that appear to be designed to limit the State Farm Plaintiffs' ability to evaluate Dr. Alvarez's compliance with his medical director duties. Of the other Moving

---

[2] The assertion of "the holidays" is a somewhat dubious reason, as the State Farm Plaintiffs previously agreed to an extension to January 22, 2020.

[3] MSG served its Amended Response to Plaintiffs' First Request for Production of Documents (the "Amended Response") on May 22, 2020. The Amended Response is deficient in several material respects. Perhaps most egregious is the fact MSG objected 95 times on the ground the State Farm Plaintiffs "have yet to survive a motion to dismiss," despite the fact MSG served the Amended Response after the Court's May 22, 2020 Order denying the Defendants' Motions to Dismiss. *See* [ECF No. 68].

Defendants, CRN has only produced a single two-page document and Fitzpatrick, Mancuso, and Howe have not produced any responsive documents.

As noted by the Moving Defendants, "the number of requests discussed [so far during the meet and confer process] is less than half of the 245 requests propounded by Plaintiffs in total," despite the Parties having engaged in more than 16 hours of discussion over seven conferences between February and May. Mot. at ¶ 9. Counsel for the State Farm Plaintiffs' made a good faith effort to facilitate the meet and confer process, offering to meet in the evenings, on weekends, on consecutive days, or for an entire day. However, this process was unnecessarily prolonged because counsel for the Moving Defendants refused to make themselves available for more than four (4) total hours during any week from the first meet and confer conference on February 14, 2020 until the week of April 26, 2020. Moreover, counsel for the Moving Defendants insisted on discussing each request one-by-one and would not address their objections in a more holistic fashion despite the fact the same handful of general and boilerplate objections were repeated throughout the Moving Defendants' responses and could have been addressed globally.

During the April 30, 2020 meet and confer conference, counsel for the Moving Defendants requested additional time to confer with Fitzpatrick, Mancuso, and Howe as to which objections could be dropped since the response was "none." Considering these discovery requests had been pending for many months, the Moving Defendants should have already conferred with counsel and identified any requests for which no responsive documents existed. Nonetheless, Plaintiffs' counsel agreed to continue the meet and confer call until the following day to provide counsel for the Moving Defendants one final opportunity to confer

with his clients. However, when counsel for the Moving Defendants stated he was unable to complete the conferral with his clients and needed additional time to continue conferring, counsel for the State Farm Plaintiffs refused to grant any further extensions and insisted the responses be provided forthwith because it was apparent counsel for the Moving Defendants was seeking to unnecessarily prolong the conferral process. In a last ditch effort to further delay their discovery obligations, Defendants petition this Court for an additional 60 days, until July 10, 2020, to serve amended responses and to produce responsive documents. *See* Mot. at ¶ 16. For the reasons stated below, the Court should deny Defendants' Motion.

## **ARGUMENT**

Despite already having more than six months to respond to the First Requests for Production, Defendants now petition this Court for a protective order establishing a "reasonable deadline" of July 10, 2020 for Defendants to serve Plaintiffs with amended responses and produce responsive documents. Mot at ¶ 16. The Moving Defendants claim this additional time is required because the outbreak of Covid-19 stunted their efforts to review and produce responsive documents and because counsel for the Moving Defendants needs additional time to confer with his clients regarding their responses. *See* Mot. at ¶ 10.

While a party from whom discovery is sought may seek a protective order protecting them from "annoyance, embarrassment, oppression, or undue burden or expense, " the party moving for a protective order must show "good cause" exists for the court to issue such an order. Fed. R. Civ. P. 26(c)(1). A showing of good cause "contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978). In addition to showing good

7

cause, the moving party must show, on balance, its interest in seeking the protective order outweigh the interests of the opposing party. *McCarthy v. Barnett Bank of Polk Cty.*, 876 F.2d 89, 91 (11th Cir. 1989).

Here, the Moving Defendants' excuses are difficult to reconcile as anything other than stereotyped and conclusory statements designed to avoid producing documents.  First, the Moving Defendants' argument regarding the complications of dealing with the Covid-19 outbreak ignores these requests were served on November 22, 2019, which is more than four months before "Governor DeSantis issued an order that limiting [*sic*] all but 'essential services' and 'essential activities.'"  Mot. at ¶ 11.  Second, Defendants' argument omits Governor DeSantis' Executive Order 20-91 defined "essential services" to include "[h]ealthcare providers and [c]aregivers including . . . chiropractors."  Executive Order 20-91[4] at 10. Executive Order 20-91 also defined "essential services" to include "[p]rofessional services, such as legal or accounting services, when necessary to assist in compliance with legally mandated activities."  *Id.* at 26.  As such, neither the Moving Defendants nor their counsel were prevented from responding to these discovery requests by Governor DeSantis' executive order.  In fact, it seems MSG never stopped operations during this time as State Farm received bills for services performed by MSG on 107 State Farm insureds during the months of March and April totaling $249,899.

The Moving Defendants argument the Covid-19 pandemic "has directly impacted the day-to-day work of Defendants and undersigned counsel" is also belied by MSG's litigation in

---

[4] Fla. Exec. Order 20-92 (Apr. 1, 2020), available at https://www.flgov.com/wp-content/uploads/orders/2020/EO_20-91-compressed.pdf..

8

Florida state courts. In fact, the law firms representing the Defendants in this action filed 60 PIP suits on behalf of MSG since March 2020. More significantly, however, is the fact Mr. Rosenberg filed four Motions for Temporary Injunction on behalf of MSG against State Farm Fire and Casualty Company in Broward County Court between March 25 and 31, 2020,[5] which required them to prepare for and attend a May 6, 2020 evidentiary hearing in the first filed case.[6] *See* May 13, 2020 Order Staying Case [**Exhibit 1**]. As made clear by this extensive litigation activity, the Moving Defendants could have completed their discovery obligations, but instead attempted to undermine this Court's jurisdiction in this case. As such, the Moving Defendants have failed to show good cause for the Court to enter a protective order based on the Covid-19 pandemic.

The Moving Defendants further argue an extension until July 10, 2020 is required because "Plaintiffs refused to establish a reasonable deadline to allow Defendants' counsel to confer with [Fitzpatrick, Mancuso, and Howe]." Mot. at ¶ 12. As noted above, these discovery requests have been pending for more than six months and the Moving Defendants should have already conferred with counsel to identify any requests for which no responsive documents exist.

---

[5] MSG filed the Motions for Temporary Injunctions in the following four cases: *Advantacare Multi-Specialty Group, LLC a/a/o Mark Tomlinson v. State Farm Fire and Casualty Company*, No. COWE-20-000646 (Fla. Broward Cty. Ct.); *Advantacare Multi-Specialty Group, LLC a/a/o Beyawnka Williams v. State Farm Fire and Casualty Company*, No. COWE-20-000658 (Fla. Broward Cty. Ct.); *Advantacare Multi-Specialty Group, LLC a/a/o Stephanie King v. State Farm Fire and Casualty Company*, No. COWE-20-000655 (Fla. Broward Cty. Ct.); and *Advantacare Multi-Specialty Group, LLC a/a/o Tae Namkoong v. State Farm Fire and Casualty Company*, No. COWE-20-000649 (Fla. Broward Cty. Ct.).

[6] MSG noticed seven witnesses for the evidentiary hearing, including Defendants Fitzpatrick and Frank S. Alvarez, Jr. M.D., and offered more than 1,300 pages of exhibits for the hearing.

There is no excuse for why the responses do not indicate when there are no responsive documents nor why the responses were not amended during the months after they were served. As such, the Moving Defendants have failed to show good cause for the Court to enter a protective order to allow counsel for the Moving Defendants additional time to confer with his clients.

Finally, there is no factual basis for Defendants' assertion none of the parties will be prejudiced and "the requested modification will have no impact on the current Case Management Order." *See* Mot. at ¶¶ 17–18. The discovery deadline in this case is currently set for February 2, 2021. It simply is unreasonable to expect discovery will be completed by this date if a 60-day extension is granted in light of the Moving Defendants' conduct to date. For example, if the Moving Defendants continue to produce heavily redacted documents, like those MSG has produced thus far, the State Farm Plaintiffs will then be required to: (a) review Defendants' redactions; (b) meet and confer with Defendants' in an effort to resolve any disputes; (c) file a motion to compel; (d) receive Defendants' response; (e) receive a Court order resolving the discovery dispute; and (f) await the time provided by the Court for Defendants to serve un-redacted copies of the discovery responses that should have been provided months ago. This delay will also impact the State Farm Plaintiffs' ability to serve third-party subpoenas or follow-up requests for written discovery based on the documents produced in response to the first requests for production. Moreover, a further extension will delay the State Farm Plaintiffs' ability to depose key witnesses, which will need to wait until the State Farm Plaintiffs receive documents responsive to their discovery requests. As such,

any further extension will prejudice the State Farm Plaintiffs and Defendants' Motion should be denied.

## CONCLUSION

For the foregoing reasons, the Court should deny Defendants' Joint Motion For Protective Order Extending Time to Respond to Plaintiffs' Document Requests and Order the Moving Defendants to promptly respond to the State Farm Plaintiffs' requests for production.

Dated: May 26, 2020

Respectfully submitted,

By: */s/ David I. Spector*
DAVID I. SPECTOR, ESQ.
Fla. Bar No. 086540
JAMES J. DUFFY, ESQ.
Fla. Bar No. 0068662
JOSEPH F. VALDIVIA, ESQ.
Fla. Bar No. 0107878
HOLLAND & KNIGHT LLP
777 South Flagler Drive, Suite 1900,
West Tower
West Palm Beach, Florida 33401
Telephone:  (561) 833-2000
Facsimile:   (561) 650-8399
david.spector@hklaw.com
james.duffy@hklaw.com
joseph.valdivia@hklaw.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on May 26, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that the foregoing document is being served this day on all counsel of record identified in the list below via transmission of Notices of Electronic Filing generated by CM/ECF.

| | |
|---|---|
| BRUCE S. ROSENBERG, ESQ.<br>Fla. Bar No. 994782<br>ROSENBERG LAW, P.A.<br>1895 Floyd Street,<br>Suite B<br>Sarasota, Florida  34239<br>Telephone:  (941) 373-6777<br>rosenberg@rosenberglawpa.com<br><br>GREGORY A. ZITANI, ESQ.<br>Fla. Bar No. 188956<br>LAW OFFICES OF GREGORY A. ZITANI, PLLC<br>4046 Sawyer Road<br>Suite D<br>Sarasota, Florida  34233<br>Telephone:  (941) 552-0373<br>Facsimile:  (941) 377-3886<br>greg.zitani@westcolaw.com<br><br>SANFORD R. TOPKIN<br>Fla. Bar No. 948070<br>TOPKIN & PARTLOW, P.L.<br>1166 West Newport Center Drive,<br>Suite 309<br>Deerfield Beach, Florida 33442<br>Telephone (954) 422-8422<br>Facsimile (954) 422-5455<br>stopkin@topkinlaw.com<br>epopper@topkinlaw.com<br><br>*Attorneys for CRN Receivable Management LLC, Advantacare* | CHAD A. BARR, ESQ.<br>Fla. Bar No. 055365<br>Chad Barr Law<br>986 Douglas Avenue<br>Altamonte Springs, FL 32714<br>(407)599-9036 – Office<br>chad@chadbarrlaw.com<br><br>*Attorney for Advantacare of Florida, LLC, and Frank Severiano Alvarez, Jr., M.D.* |

12

| | |
|---|---|
| *Multi-Specialty Group, LLC, Kerriann Fitzpatrick, f/k/a Kerriann Herzog, John Mancuso, and Kenneth Howe* | |