# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY and STATE
FARM FIRE AND CASUALTY
COMPANY,

         **Plaintiffs,**

v.                              **Case No:  6:19-cv-1837-Orl-41LRH**

ADVANTACARE OF FLORIDA, LLC,
CRN RECEIVABLE MANAGEMENT
LLC, ADVANTACARE MULTI-
SPECIALTY GROUP, LLC, KERRIANN
FITZPATRICK, JOHN MANCUSO,
KENNETH HOWE and FRANK
SEVERIANO ALVAREZ, JR. ,

         **Defendants.**

_____

## ORDER

      This cause came on for consideration without oral argument on the following motion filed

herein:

| | |
|---|---|
| **MOTION:** | **DEFENDANTS; ADVANTACARE MULTI-SPECIALTY GROUP, LLC; CRN RECEIVABLE MANAGEMENT, LLC, KERRIANN FITZPATRICK , F/K/A KERRIANN HERZOG; JOHN MANCUSO; AND KENNETH HOWE'S JOINT MOTION FOR PROTECTIVE ORDER EXTENDING TIME TO RESPOND TO PLAINTIFFS' DOCUMENT REQUESTS AND INCORPORATED MEMORANDUM OF LAW (Doc. No. 59)** |
| **FILED:** | **May 11, 2020** |

**THEREON** it is **ORDERED** that the motion is **DENIED**.

Defendants Advantacare Multi-Specialty Group, LLC; CRN Receivable Management, LLC, Kerriann Fitzpatrick, f/k/a Kerriann Hertzog; John Mancuso; and Kenneth Howe ("Defendants") jointly move for a protective order extending the time to respond to Plaintiffs' discovery requests. Doc. No. 50.   According to the motion, Plaintiffs served multiple document requests on the various moving Defendants on November 22, 2019.   *Id.* ¶¶ 1–2.   Plaintiffs thereafter agreed to a thirty-day extension of time for Defendants to respond to the discovery requests, making the deadline January 22, 2020.   *Id.* ¶ 5.   Defendants served their responses to the discovery requests on the deadline. *Id.* ¶ 8.   However, the parties have met and conferred regarding CRN Receivable Management's responses, and agreed that revised responses would be provided to Plaintiffs.   *Id.* ¶ 9.   According to Defendants, Advantacare Multi-Specialty Group has been producing documents on a rolling basis, but such efforts have been curtailed by the coronavirus pandemic.   *Id.* ¶ 10.   On May 1, 2020, counsel for Defendants requested additional time to confer with Fitzpatrick, Mancuso, and Howe regarding their stated objections to the discovery requests, but Plaintiffs would not agree to further extension.   *Id.* ¶¶ 12, 13.   Based on the foregoing, Defendants ask that the Court set a deadline of July 10, 2020 to serve amended responses and produce responsive documents to Plaintiffs' discovery requests.   *Id.* ¶ 16.

Plaintiffs have filed a response in opposition to the motion.    Doc. No. 69.   Plaintiffs argue that Defendants are thwarting the discovery process; Defendants "did not produce a single responsive document until MSG made its initial production on May 1, 2020"; Defendants' discovery responses are "filled with improper redactions"; and that Defendants' request for further extension to respond to the discovery requests is not well received.   *Id.*   Plaintiffs note that the discovery requests were served on Defendants over six months ago.   *Id.* at 7.   Plaintiffs also dispute

Defendants' assertions that the coronavirus pandemic has curtailed discovery efforts,[1] and Plaintiffs argue that defense counsel's request for additional time to confer with Defendants should be rejected based on the length of time that has elapsed since the discovery requests were first served.  *Id.* at 9–10.

On review, the Court finds Plaintiffs' position more persuasive.   The discovery at issue was served over six months ago in November 2019.   By Defendants' own admission, they served responses to these requests by the agreed deadline of January 22, 2020.   Defendants make no persuasive argument why they need an additional almost six (6) months after that deadline to serve amended responses to these discovery requests, to the extent that amended responses are due.  *See* Fed. R. Civ. P. 26(e)(1)(A) (requiring supplemental discovery be served in a *timely* manner).  Although the Court will accept, for purposes of this motion, that the coronavirus pandemic has hindered the parties' discovery efforts, Defendants have failed to adequately explain how responses to discovery requests from November 2019 remain outstanding based on this hinderance, or why an extension through July 2020 is warranted.

For these reasons, the Motion for Protective Order Extending Time to Respond to Plaintiffs' Document Requests (Doc. No. 59) is **DENIED**.   The moving Defendants shall fully respond to Plaintiffs' November 2019 outstanding discovery requests, or submit supplemental/amended responses thereto, no later than **June 11, 2020**.   This deadline will not be extended absent extraordinary circumstances.

---

[1]  As one example, Plaintiffs state that defense counsel has filed 60 PIP suits on behalf of MSG since March 2020.   Plaintiffs also note that between March 25, 2020 and March 31, 2020, MSG filed four motions for temporary injunctions in different cases against State Farm in South Florida.  *See* Doc. No. 69, at 9 & n.9.

**DONE** and **ORDERED** in Orlando, Florida on May 28, 2020.

LESLIE R. HOFFMAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record