IN THE UNITED DISTRICT COURT MIDDLE DISTRICT OF FLORIDA

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY and
STATE FARM FIRE AND CASUALTY
COMPANY,

CASE NO: 6:19-cv-01837-CEM-LRH

    Plaintiffs,

v.

ADVANTACARE OF FLORIDA, LLC,
CRN RECEIVABLE MANAGEMENT, LLC,
ADVANTACARE MULTI-SPECIALTY
GROUP, LLC, KERRIANN FITZPATRICK,
f/k/a KERRIANN HERZOG, JOHN MANCUSO,
KENNETH HOWE, and FRANK SEVERIANO
ALVAREZ, JR., M.D.,

    Defendants.
_____/

## ADVANTACARE MULTI-SPECIALTY GROUP'S OBJECTIONS AND MEMORANDUM OF LAW IN RESPONSE TO PLAINTIFFS' SECOND REQUEST FOR PRODUCTION

  Defendant, ADVANTACARE MULTI-SPECIALTY GROUP, ("Advantacare MSG"), by and through the undersigned Counsel, hereby files this, its Objections and Memorandum of Law in Response to Plaintiffs' Second Request for Production, and as a cause thereof states as follows:

  1.  This action has been instituted by Plaintiffs, ("State Farm") against numerous Defendants seeking questions of ownership of the clinic of Dr. Frank Severian Alvarez Jr., M.D. ("Dr. Alvarez") and his compliance and medical director duties thereto.

  2.  Plaintiffs propounded two requests for production; one set to CRN Receivable Management, LLC, consisting of 31 questions, and another set to Advantacare MSG consisting of 97 questions, both on November 22, 2019.

  3.  As this Court is aware, Defendants' were previously represented by different Counsel.

  4.  Since the undersigned has taken over the case, there has been nothing but cooperation between the Parties.

5. Counsel for undersigned has already produced well over 10,000 pages of documents. All questions in the First Set of Request for Production by Plaintiffs to Advantacare MSG and CRN have been answered or are still being answered without any objections or redactions.

6. Advantacare MSG has agreed to answer numbers one (1) through seventeen (17) of the Second Request for Production without any objection. See copy attached as **Exhibit "A"**.

7. However, Requests numbers eighteen (18), nineteen (19), and twenty (20) are document requests for P.P.P. loans and are not relevant per the Federal Rules of Evidence as numbers 18, 19, and 20 have nothing to do with the issues plead in the Complaint and are harassing.

8. Per Local Rule 3.01(g), Counsel for Advantacare MSG has made a good-faith effort to confer with Counsel for Plaintiffs to resolve the above objections to numbers 18, 19, and 20 of Plaintiffs Second Request for Production and Plaintiffs oppose same. See Certificate of Good Faith attached as **Exhibit "B"**.

## MEMORANDUM OF LAW

The district court has broad discretion to determine the admissibility of evidence, and the appellate court will not disturb this Court's judgment absent a clear abuse of discretion. See, *United States v. McLean*, 138 F.3d 1398, 1403 (11th Cir. 1998).

Federal Rule of Evidence, Rule 401, states that evidence is relevant if: (a) it has any kind of tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. Irrelevant evidence is inadmissible. Fed. R. Evid. 402; see also, *Vargas v. Michaels Stores, Inc.*, 2017 U.S. Dist. LEXIS 138674, 2017 WL 3723655. Relevant evidence is admissible if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evid. 402, 403; *United States v. Ross*, 33 F.3d 1507, 1524 (11th Cir. 1994). As such, Plaintiffs Requests for P.P.P. loan are not relevant under Rule 401, and there is no probative value, and such requests should be excluded from being disclosed.

**WHERERFORE**, and based on the foregoing, Defendant, ADVANTACARE MULTI-SPECIALTY GROUP, respectfully requests this Court to enter an Order sustaining its objections to numbers 18, 19, and 20 to Plaintiffs' Second Request for Production, and for any other relied this Court deems just and proper.

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that on 18th day of June 2020, the foregoing was electronically filed through the court's CMECF filing system.

> **TOPKIN & PARTLOW, P.L.**
> 1166 West Newport Center Drive, Suite 309
> Deerfield Beach, Florida 33442
> (954) 422-8422 Telephone
> (954) 422-5455 Facsimile
> stopkin@topkinlaw.com
> epopper@topkinlaw.com

By: /s/ Sanford R. Topkin
_____
Sanford R. Topkin
FBN: 948070