## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

Case No. 6:19-cv-1837-CEM-LRH

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and STATE FARM FIRE AND CASUALTY COMPANY,

    Plaintiffs,

v.

ADVANTACARE OF FLORIDA, LLC, CRN RECEIVABLE MANAGEMENT LLC, ADVANTACARE MULTI-SPECIALTY GROUP, LLC, KERRIANN FITZPATRICK, f/k/a KERRIANN HERZOG, JOHN MANCUSO, KENNETH HOWE, and FRANK SEVERIANO ALVAREZ JR., M.D.,

    Defendants.
_____/

### DEFENDANTS' UNOPPOSED AND AGREED MOTION FOR ADDITIONAL EXTENSION OF TIME FOR PLAINTIFFS TO RESPOND TO DEFENDANTS' AFFIRMATIVE DEFENSES

Defendants, CRN Receivable Management LLC, Advantacare Multi-Specialty Group, LLC, Kerriann Fitzpatrick, John Mancuso and Kenneth Howe, file this Unopposed and Agreed Motion for Additional Extension of Time for Plaintiffs to Respond to Defendants' affirmative defenses, and in support, state:

### BACKGROUND

The Court entered an Order Granting Parties' Joint Motions for Extension of Time for Plaintiff's to Respond to Defendants' Affirmative Defenses on June 26, 2020 [ECF No. 86],

1

and Plaintiffs have until July 27, 2020 to file motion seeking to strike Defendants' affirmative defenses.

The Plaintiffs believe, some of Defendants' affirmative defenses are insufficient and thus, should be stricken pursuant to Pursuant to Federal Rule of Civil Procedure 12(f). In accordance with Local Rules 3.01(g) and this Court's Case Management and Scheduling Order [ECF No. 50], Plaintiffs' counsel conferred with Defendants' counsel in an effort to resolve or limit the issues in dispute. Specifically, Plaintiffs sought an agreement whereby Defendants would amend certain defenses which Plaintiffs believe do not provide fair notice of the defenses and to withdraw others which Plaintiffs believe are insufficient as a matter of law. During this discussion, Defendants' counsel expressed his opinion these issues may become moot as a result of the Parties ongoing discussions to reach a complete resolution of the claims at issue in this case. <u>Parties have made enormous and significant progress to try to resolve this case.</u> Furthermore, the parties scheduled their **Mediation for July 31, 2020**.

Defendants' Counsel is hereby seeking additional 15 days after the date of the Mediation, for Plaintiff to file their Motion to Strike Affirmative Defenses. The Defendants believe this course of action will conserve the Parties' and the Court's time and resources, while also preserving Plaintiffs' right to challenge the sufficiency of Defendants' defenses if the settlement discussions reach an impasse.

## MEMORANDUM OF LAW

Pursuant to Federal Rule of Civil Procedure 6(b)(1)(A), a Court may extend any deadline for "good cause" if the request is made before the original time or its extension expires. *Jozwiak v. Stryker Corp.*, No. 6:09CV1985ORL19GJK, 2010 WL 743834, at *2

(M.D. Fla. Feb. 26, 2010). "The diligence of the moving party should be considered in determining whether there is good cause to extend a deadline." *Id.* (*citing See Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998)). "District courts have broad discretion when managing their cases, including discovery and scheduling." *Encarnacion v. Fin. Corp. of Am.*, No. 2:17-CV-566-FTM-38CM, 2018 WL 3860124, at *3 (M.D. Fla. June 8, 2018)

Consistent with Rule 6(b)(1)(A), the Parties filed this Motion before the expiration of the June 26, 2020 deadline for Plaintiffs to file any motions to strike Defendants' affirmative defenses and thus, the Court may extend the deadline for "good cause".  Good cause exits for the extension jointly sought by the Parties because the dispute will be mooted if the Parties are able to reach a settlement agreement, and thus the extension may permanently eliminate the need for the parties to engage in motion practice on this issue. Moreover, Plaintiffs have acted with diligence to evaluate Defendants' affirmative defenses and address any deficiencies which they perceive.  In fact, Plaintiffs are prepared to file a motion seeking to strike Defendants' affirmative defenses tomorrow.  However, the Parties believe it is in the best interest of all Parties and judicial economy to obtain a thirty (30) day extension of time to see if the Parties can reach a global resolution of all issues during this time.  This Motion for Additional Extension of Time is not being filed for purposes of delay and none of the parties, nor the Court, will be prejudiced by the requested extension.

WHEREFORE, the Defendants respectfully request the Court to consider parties' effort to resolve this matter and extend the deadline for Plaintiffs to file any motions to strike Defendants' affirmative defenses by August 17, 2020 and for such other relief as the Court deems just.

Dated: July 22, 2020

                                        <u>By:</u> /s/
                                        SANFORD R. TOPKIN
Fla. Bar No. 948070
TOPKIN & PARTLOW, P.L.
1166 West Newport Center Drive, Suite 309
Deerfield Beach, Florida 33442
Telephone (954) 422-8422
Facsimile (954) 422-5455
stopkin@topkinlaw.com
epopper@topkinlaw.com

Attorney for CRN Receivable Management LLC, Advantacare Multi-Specialty Group, LLC, Kerriann Fitzpatrick, f/k/a Kerriann Herzog, John Mancuso, and Kenneth Howe

4

**CERTIFICATE OF SERVICE**

I hereby certify that on July 22, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified in the service list below via transmission of Notices of Electronic Filing generated by CM/ECF.

|  |  |
|---|---|
| SANFORD R. TOPKIN<br>Fla. Bar No. 948070<br>TOPKIN & PARTLOW, P.L.<br>1166 West Newport Center Drive, Suite 309<br>Deerfield Beach, Florida 33442<br>Telephone (954) 422-8422<br>Facsimile (954) 422-5455<br>stopkin@topkinlaw.com<br>epopper@topkinlaw.com<br><br>*Attorneys for CRN Receivable Management LLC, Advantacare Multi-Specialty Group, LLC, Kerriann Fitzpatrick, f/k/a Kerriann Herzog, John Mancuso, and Kenneth Howe* |  |